UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

     Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC,
*et al.*

     Defendants.
_____/

## ORDER ON MOTION FOR A MORE DEFINITE STATEMENT

**THIS CAUSE** is before the Court upon Defendants Vindaloo Travel Network, LLC, Timeshare Termination Team LLC, Brian Wilbur, and Holly Wilbur's (collectively, "Vindaloo Defendants") Motion for a More Definite Statement, ECF No. [22] ("Motion"), filed on February 1, 2021. Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation (together, "Plaintiffs" or "Bluegreen") filed a response, ECF No. [38] ("Response"), to which Vindaloo Defendants filed a reply, ECF No. [45] ("Reply"). The Court has carefully considered the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

    **I.**    **BACKGROUND**

This case involves an alleged scheme by Defendants to offer timeshare owners a guaranteed way to get out of their contracts. According to the Complaint, individuals purchase timeshare interests through Bluegreen. ECF No. [1] ¶ 3. Defendants, including Vindaloo Defendants, are not parties to the contracts between Bluegreen and the individuals who purchase

timeshare interests ("Bluegreen Owners"); however, Defendants are alleged to falsely advertise timeshare exit services that purport to cancel the Bluegreen Owners' contracts. *Id.* ¶ 7. Plaintiffs are Florida corporations, and Vindaloo Defendants are Colorado entities or individuals. *Id.* ¶¶ 22-32. As alleged in the Complaint, Defendants do not have the ability to cancel the contracts and through their coordinated scheme, they eventually cause the Bluegreen Owners to default on their timeshare obligations to Bluegreen. *Id.* ¶¶ 57-59. Plaintiffs further allege that the scheme involves Marketing Defendants, which include Vindaloo Defendants, and Lawyer Defendants. *Id.* ¶ 60. The Marketing Defendants, including Vindaloo Defendants, employ false and misleading advertising, enter contracts to provide their services to Bluegreen Owners, and cause the Bluegreen Owners to cease making payments under their contracts with Bluegreen. *Id.* ¶¶ 67-68. The Lawyer Defendants then send a form letter to Bluegreen designed to cut off communication between Bluegreen and the Bluegreen Owners, with the overall purpose of diverting payments from Bluegreen to the Marketing and Lawyer Defendants, resulting in damage to the Bluegreen Owners' credit. *Id.* ¶¶ 71, 84-85.

As a result of the alleged scheme, Plaintiffs assert the following claims against Vindaloo Defendants: false advertising (Count I), tortious interference with contractual relations (Count VI), conspiracy to commit tortious interference (Count VIII), and violation of Florida's Deceptive and Unfair Trade Practices Act (Count X). In the Motion, Vindaloo Defendants request that the Court enter an order requiring Plaintiffs to file a more definite statement of Counts I, VI, VIII, and X of the Complaint.

## II.   LEGAL STANDARD

Under Rule 12(e) of the Federal Rules of Civil Procedure, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague

or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Since courts have liberally construed the pleading standard under Rule 8(a), "a short and plain statement" will be enough, unless upon motion it is shown that the pleading "is so ambiguous that a party cannot reasonably" respond. *Betancourt v. Marine Cargo Mgmt., Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996). "The purpose of the pleading standards under [Federal Rule of Civil Procedure] 8 is to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Icon Health & Fitness, Inc., v. IFITNESS, Inc.*, No. 12-20125, 2012 WL 1120925, at *6 (S.D. Fla. Apr. 3, 2012) (internal quotations and citations omitted). "Most courts disfavor the use of Rule 12(e)," and "motions for a more definite statement should not be used as a means of discovery." *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D 629, 630 (M.D. Fla. 2005). "Motions for more definite statement are disfavored in the federal system, due to liberal discovery practices." *Scouten v. NCL (Bahamas) Ltd.*, No. 08-21485, 2009 WL 10692716, at *4 (S.D. Fla. Mar. 4, 2009). Nevertheless, "[a] Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1358 (S.D. Fla. 2012) (citations and alteration omitted).

### III.  DISCUSSION

Vindaloo Defendants argue that they cannot respond to the Complaint in good faith because Plaintiffs do not specify who the Bluegreen Owners are, where they reside, when the alleged interactions occurred, and between which Defendants and which Bluegreen Owners the alleged interactions occurred. Vindaloo Defendants also argue that they cannot determine whether the claims against them share any operative facts with the other Defendants in this case, and the lack

of detail is prejudicial as it prevents Vindaloo Defendants from knowing whether Plaintiffs have alleged sufficient grounds for personal jurisdiction or proper venue in this district.

Plaintiffs devote the majority of the Response to two "threshold issues," arguing that by filing the Motion, Defendants will have waived the opportunity to later challenge personal jurisdiction and venue or service of process. The issue of waiver, however, is premature and not properly raised through a Response, and the Court need not resolve it at this juncture. Nevertheless, the Court notes that in their Reply, Vindaloo Defendants have withdrawn their objection to improper service of process as to Defendant Timeshare Termination Team LLC. ECF No. [45] at 2 n.1. With respect to Vindaloo Defendants' request for a more definite statement, Plaintiffs argue that the Motion should be denied because Rule 12(e) motions are intended to address pleadings that are unintelligible, and the Complaint is not. The Court agrees.

A motion for more definite statement "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *R.W. v. Sch. Bd. of St. Lucie Cnty., Fla.*, No. 15-14300-CIV-MARRA, 2015 WL 13877890, at *1 (S.D. Fla. Nov. 9, 2015) (citing *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993)). Indeed, a Rule 12(e) motion is proper only if a pleading "fails to specify the allegations in a manner that provides sufficient notice or does not contain enough information to allow a responsive pleading to be framed." *Id.* (quotations and citation omitted). Here, the Complaint provides adequate notice and includes sufficient information to allow Vindaloo Defendants to understand the claims asserted against them. Vindaloo Defendants argue that they require additional information about the Bluegreen Owners to determine whether personal jurisdiction, venue, and joinder of multiple Defendants are proper. However, although Vindaloo Defendants claim to be prejudiced by the purported lack of information because they cannot determine whether there is a basis for personal jurisdiction or

venue in this district, this is simply not the type of "prejudice" that Rule 12(e) is designed to address. In addition, Vindaloo Defendants fail to point to any case in which a court has granted a standalone Rule 12(e) motion to require a plaintiff to plead additional information a defendant claims is crucial to determining personal jurisdiction, venue, or joinder, where the claims asserted are otherwise adequately pled. Indeed, if Vindaloo Defendants do not believe that the Complaint adequately establishes personal jurisdiction or venue,[1] Vindaloo Defendants could have raised these arguments in a Rule 12(b) motion. A standalone Rule 12(e) motion is not an opportunity for Defendants to obtain additional information in order to determine whether a Rule 12(b) motion should be filed.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [22]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 26, 2021.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[1] To the extent that Vindaloo Defendants contend that there may be defendants improperly joined, the Court notes that improper joinder is not a basis for dismissal or a more definite statement. *See* Fed. R. Civ. P. 12(b)(7) (stating as a defense the "failure to join a party under Rule 19") and Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").