# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

**Case No.: 1:20-cv-25318-BLOOM/Otazo-Reyes**

BLUEGREEN VACATIONS UNLIMITED, INC.,
a Florida corporation; and BLUEGREEN
VACATIONS CORPORATION, a Florida
corporation,

       Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC, a
Colorado limited liability company; VINDALOO
TRAVEL NETWORK, LLC d/b/a TIMESHARE
TERMINATION TEAM a/k/a TIMESHARE
TERMINATION TEAM, LLC, a Colorado limited
liability company; FREEDOM CONSUMER
SERVICES, LLC, d/b/a Timeshare Freedom Group,
d/b/a/ Timeshare Freedom, a Nevada limited liability
company; SYSTEMA MARKETING, INC., a
Nevada corporation; BRIAN STEPHEN WILBUR;
an individual, HOLLY WILBUR, an individual,
JORDAN SALKIN, an individual; SHAYNA G.
SCHROEDER, an individual; HAROLD O.
MILLER, an individual; MICHAEL A.
MOLFETTA, an individual; and MOLFETTA
LAW, LLC, a California limited liability company,

       Defendants.

_____/

## DEFENDANTS VINDALOO TRAVEL NETWORK, LLC, TIMESHARE TERMINATION TEAM LLC, BRIAN WILBUR, AND HOLLY WILBUR'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Timeshare Termination Team, LLC f/k/a Vindaloo Travel Network, LLC,

d/b/a Timeshare Termination Team ("TTT"), Timeshare Termination Team LLC, Brian Wilbur,

and Holly Wilbur (collectively, "TTT Defendants"), answer and assert affirmative defenses to

Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corp.'s ("Plaintiffs")

Complaint under Federal Rule of Procedure 8.  The TTT Defendants also assert counterclaims against Plaintiffs under Federal Rule of Civil Procedure 13 and state:

## **GENERAL ALLEGATIONS**

1.      Denied.

2.      The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore deny these allegations.

3.      Admitted that the Bluegreen Owners enter into agreements with the Plaintiffs, but the remainder of Paragraph 3 is denied.

4.      Admitted that the Bluegreen Owners enter into agreements with the Plaintiffs, but the remainder of Paragraph 4 is denied.

5.      The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny these allegations.

6.      Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 6 and therefore deny these allegations.

7.       Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 7 and therefore deny these allegations.

8.      Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 8 and therefore deny these allegations.

9. Denied as to "such claim" which refers to Paragraph 8. The TTT Defendants state that the "representative sample" from TTT's website in Paragraph 9 speaks for itself and denies the remaining allegations in Paragraph 9.

10. The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny these allegations.

11. Denied.

12. The allegations in Paragraph 12 constitute a legal conclusion to which no response is required. To the extent a response is required, the TTT Defendants deny the allegations.

13. Denied.

14. Denied.

15. Denied as to the TTT Defendants. The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 15 and therefore deny these allegations.

16. Denied as to the TTT Defendants. The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 16 and therefore deny these allegations.

17. Denied as to the TTT Defendants. The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 17 and therefore deny these allegations.

18. Denied as to the TTT Defendants. The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 18 and therefore deny these allegations.

19.     Admitted that TTT paid Defendant Harold O. Miller for his services as an attorney on behalf of the Bluegreen Owners.  The remainder of Paragraph 19 is denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 19 and therefore deny these allegations.

20.     Denied.

21.     Denied.

22.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny these allegations.

23.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny these allegations.

24.     Admitted that Timeshare Termination Team, LLC is a Colorado limited liability company, but denied that it is located at the alleged address or that its registered agent is as alleged.

25.      Denied.

26.     Denied because Vindaloo Travel Network, LLC withdrew its trade name of Timeshare Termination Team on December 11, 2020, and changed the name of the entity on the same date to Timeshare Termination Team, LLC.  Also denied because Defendant TTT's registered agent is the Law Office of Julia M. Knearl, LLC, 945 Front Street, Louisville, Colorado 80027.  The remainder of this paragraph is also denied.

27.     Admitted.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Admitted that Defendant Brian Wilbur resides in Colorado and founded and co-owns Defendant TTT.  The remainder of Paragraph 31 is denied.

32.     Admitted that Defendant Holly Wilbur resides in Colorado and founded and co-owns Defendant TTT.  The remainder of Paragraph 31 is denied.

33.     Denied.

34.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny these allegations.

35.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny these allegations.

36.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny these allegations.

37.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore deny these allegations.

38.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore deny these allegations.

39.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny these allegations.

40.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny these allegations.

41.     Admitted that Defendant TTT had previously engaged Defendant Harold O. Miller's services.  The remainder of Paragraph 41 and Exhibit 1 are denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations against the other Defendants in Paragraph 41 and therefore deny these allegations.

42.     Admitted as to subject matter jurisdiction, but the TTT Defendants deny that the Plaintiffs are entitled to relief on their claims brought under the Lanham Act, 15 U.S.C. § 1125(a)(1).

43.     Admitted as to subject matter jurisdiction, but the TTT Defendants deny that the Plaintiffs are entitled to relief on their claims brought under state law.

44.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 44 and therefore deny these allegations.

45.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 45 and therefore deny these allegations.

46.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 46 and therefore deny these allegations.

47.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 47 and therefore deny these allegations.

48.     Admitted that Defendant TTT maintains a website as part of its business.  The remainder of Paragraph 48 is denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 48 and therefore deny these allegations.

49.     Admitted that Defendant TTT had previously engaged Defendant Harold O. Miller's services.  The remainder of Paragraph 49 is denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 49 and therefore deny these allegations.

50.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny these allegations.

51.     Admitted that Defendant Brian Wilbur has appeared in advertising for Defendant TTT.  The remainder of Paragraph 51 is denied.

52.     Admitted that Defendant Brian Wilbur has appeared in advertising for Defendant TTT.  The remainder of Paragraph 52 is denied.

53.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 53 and therefore deny these allegations.

54.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 54 and therefore deny these allegations.

55.     Denied.

56.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny these allegations.

57.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 57 and therefore deny these allegations.

58.     Denied.

59.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 59 and therefore deny these allegations.

60.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 60 and therefore deny these allegations.

61.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 61 and therefore deny these allegations.

62.     Denied.

63.     Denied.

64.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny these allegations.

65.     Admitted that Defendant TTT maintains a website as part of its business.  The remainder of Paragraph 65 is denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 65 and therefore deny these allegations.

66.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 66 and therefore deny these allegations.

67.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 67 and therefore deny these allegations.

68.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 68 and therefore deny these allegations.

69.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 69 and therefore deny these allegations.

70.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 70 and therefore deny these allegations.

71.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 71 and therefore deny these allegations.

72.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 72 and therefore deny these allegations.

73.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 73 and therefore deny these allegations.

74.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 74 and therefore deny these allegations.

75.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 75 and therefore deny these allegations.

76.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 76 and therefore deny these allegations.

77.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 77 and therefore deny these allegations.

78.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 78 and therefore deny these allegations.

79.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny these allegations.

80.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 80 and therefore deny these allegations.

81.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 81 and therefore deny these allegations.

82.     The TTT Defendants state that the letter "purportedly from Miller" attached to the Complaint as Exhibit 2 speaks for itself and, to the extent there are any inconsistencies between the letter and the allegations of Paragraph 82,  the allegations are denied.  The TTT Defendants

are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 82 and Exhibit 3 and therefore deny these allegations.

83.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 83 and therefore deny these allegations.

84.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 84 and therefore deny these allegations.

85.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 85 and therefore deny these allegations.

86.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 86 and therefore deny these allegations.

87.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 87 and therefore deny these allegations.

88.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 88 and therefore deny these allegations.

89.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 89 and therefore deny these allegations.

90.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny these allegations.

91.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore deny these allegations.

92.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore deny these allegations.

93.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore deny these allegations.

94.     Denied.

95.     Denied.

96.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 96 and therefore deny these allegations.

97.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 97 and therefore deny these allegations.

98.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 98 and therefore deny these allegations.

99.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 99 and therefore deny these allegations.

100.    Admitted that the website identified in Paragraph 100 belongs to TTT.   This paragraph is denied as to the rest of the TTT Defendants.

101.    The TTT Defendants state that the advertisements attached to the Complaint as Exhibit 4 speak for themselves and deny the remaining allegations of Paragraph 101.

102.    Denied.

103.    The TTT Defendants state that the website speaks for itself and deny any inconsistencies between the website and the allegations of Paragraph 103.

104.    Denied.

105.    Admitted.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Admitted that Defendant Brian Wilbur appeared in advertisements.   The TTT Defendants state that the contents of those advertisements speak for themselves and deny any inconsistencies between the advertisements and the allegations of Paragraph 110.   The TTT Defendants deny the remainder of the allegations in Paragraph 110.

111.    Denied.

112.    Denied.

113.    Admitted.

114.    Admitted.

115.    Admitted.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Admitted.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Admitted that Defendant TTT has made payments to Defendant Harold O. Miller, but denied to the extent that the allegations in Paragraph 138 suggest that such payments are all relevant to the Bluegreen Owners.

139.    Admitted that Defendant TTT has made payments to Defendant Harold O. Miller, but denied to the extent that the allegations in Paragraph 139 suggest Holly Wilbur acted in her personal capacity.  The remainder of this paragraph is denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    The TTT Defendants state that the advertisements speak for themselves and deny any inconsistencies between the advertisements and the allegations of Paragraph 147.

148.    The TTT Defendants state that the website speaks for itself and deny any inconsistencies between the website and the allegations of Paragraph 148.

149.    Denied.

150.    The TTT Defendants state that the "Step-By-Step Exit Map" speaks for itself and deny any inconsistencies between it and the allegations of Paragraph 150.

151.    The TTT Defendants state that the "Step-By-Step Exit Map" speaks for itself and deny any inconsistencies between it and the allegations of Paragraph 151.

152.    The TTT Defendants state that the "Step-By-Step Exit Map" speaks for itself and deny any inconsistencies between it and the allegations of Paragraph 152.

153.    Denied.

154.    Denied.

155.    Denied as to the allegation that the referenced customer was "supposedly" and not actually satisfied with Defendant TTT's services.  The remainder of Paragraph 155 is admitted.

156.    Denied.

157.    The TTT Defendants state that the advertisements speak for themselves and deny any inconsistencies between the advertisements and the allegations of Paragraph 157.

158.    Denied.

159.    Denied.

160.    Denied.

161.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore deny these allegations.

162.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore deny these allegations.

163.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore deny these allegations.

164.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore deny these allegations.

165.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore deny these allegations.

166.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore deny these allegations.

167.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore deny these allegations.

168.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore deny these allegations.

169.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore deny these allegations.

170.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore deny these allegations.

171.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore deny these allegations.

172.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore deny these allegations.

173.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore deny these allegations.

174.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore deny these allegations.

175.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore deny these allegations.

176.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore deny these allegations.

177.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and therefore deny these allegations.

### COUNT I

178.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160.

179.    Admitted that Plaintiffs purport to bring this claim under the Lanham Act, 15 U.S.C. § 1125(a)(1).  The TTT Defendants deny that Plaintiffs are entitled to relief under this Count and deny the remainder of Paragraph 179.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Admitted that Plaintiffs purport to seek an injunction under 15 U.S.C. § 1125(a). The TTT Defendants deny that Plaintiffs are entitled to this relief and deny the remainder of Paragraph 189.

### COUNT II

190.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160 and 178 through 189.

191.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and therefore deny these allegations.

192.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and therefore deny these allegations.

193.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and therefore deny these allegations.

194.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore deny these allegations.

195.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and therefore deny these allegations.

196.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 196 and therefore deny these allegations.

197.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and therefore deny these allegations.

198.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and therefore deny these allegations.

199.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and therefore deny these allegations.

200.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and therefore deny these allegations.

201.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and therefore deny these allegations.

202.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and therefore deny these allegations.

203.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and therefore deny these allegations.

## **COUNT III**

204.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99 and 161 through 177.

205.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and therefore deny these allegations.

206.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and therefore deny these allegations.

207.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and therefore deny these allegations.

208.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and therefore deny these allegations.

209.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and therefore deny these allegations.

210.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and therefore deny these allegations.

211.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and therefore deny these allegations.

212.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and therefore deny these allegations.

213.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 213 and therefore deny these allegations.

214.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and therefore deny these allegations.

215.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and therefore deny these allegations.

## COUNT IV

216.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99, 161 through 177, and 204 through 215.

217.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 and therefore deny these allegations.

218.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and therefore deny these allegations.

219.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 219 and therefore deny these allegations.

220.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and therefore deny these allegations.

221.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and therefore deny these allegations.

222.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 and therefore deny these allegations.

223.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and therefore deny these allegations.

224.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and therefore deny these allegations.

225.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and therefore deny these allegations.

226.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 and therefore deny these allegations.

227.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 and therefore deny these allegations.

228.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 and therefore deny these allegations.

## **COUNT V**

229.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99 and 161 through 177.

230.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 and therefore deny these allegations.

231.   This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and therefore deny these allegations.

232.   This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 and therefore deny these allegations.

233.   This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 and therefore deny these allegations.

234.   This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore deny these allegations.

235.   This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 and therefore deny these allegations.

236.   This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 236 and therefore deny these allegations.

237.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and therefore deny these allegations.

238.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore deny these allegations.

239.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and therefore deny these allegations.

240.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and therefore deny these allegations.

241.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and therefore deny these allegations.

242.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and therefore deny these allegations.

243.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and therefore deny these allegations.

244.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and therefore deny these allegations.

## **COUNT VI**

245.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160.

246.    Admitted that Plaintiffs purport to bring this claim for tortious interference with contractual relations.  The TTT Defendants deny that Plaintiffs are entitled to relief under this Count and deny the remainder of Paragraph 246.

247.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 and therefore deny these allegations.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

## COUNT VII

261.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99, 161 through 177, and 229 through 244.

262.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 and therefore deny these allegations.

263.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 and therefore deny these allegations.

264.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 264 and therefore deny these allegations.

265.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 and therefore deny these allegations.

266.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 and therefore deny these allegations.

267.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 and therefore deny these allegations.

268.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 and therefore deny these allegations.

## **COUNT VIII**

269.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160 and 245 through 260.

270.     Admitted that Plaintiffs purport to bring this claim for conspiracy to commit tortious interference with contractual relations.   The TTT Defendants deny that Plaintiffs are entitled to relief under this Count and deny the remainder of Paragraph 270.

271.     Denied.

272.     Denied.

273.     Denied.

274.     Denied.

275.     Denied.

276.     Denied.

277.     Denied.

278.     Denied.

## **COUNT IX**

279.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99 and 161 through 177.

280.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 and therefore deny these allegations.

281.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 and therefore deny these allegations.

282.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 and therefore deny these allegations.

283.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 and therefore deny these allegations.

284.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 and therefore deny these allegations.

285.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 and therefore deny these allegations.

286.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 and therefore deny these allegations.

287.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 287 and therefore deny these allegations.

288.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 and therefore deny these allegations.

## COUNT X

289.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160.

290.     Admitted that Plaintiffs purport to bring this claim under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.201 *et seq.*  The TTT Defendants deny that Plaintiffs are entitled to relief under this Count and deny the remainder of Paragraph 290.

291.     Denied.

292.     Denied.

293.     Denied.

294.     Denied.

295.     Denied.

296.     Denied.

297.     Denied.

298.     Denied.

The TTT Defendants deny that the Plaintiffs are entitled to any of the relief requested against the TTT Defendants in the "Wherefore" clause.  The TTT Defendants are without knowledge or information sufficient to form a belief as to relief requested against the other

Defendants in the "Wherefore" clause, and therefore the TTT Defendants deny the remainder of the "Wherefore" clause.

The TTT Defendants deny all remaining allegations in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

The TTT Defendants set forth their affirmative defenses below.  By setting forth these defenses, the TTT Defendants do not assume the burden of proof on matters and issues other than those on which they bear the burden of proof as a matter of law.

1.      **Failure to State a Claim:** Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to state a cause of action for which relief could be granted in each claim against each of the TTT Defendants.

2.      **Unclean Hands:** Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.  Plaintiffs have fraudulently misrepresented the value of their services to the Bluegreen Owners by falsely claiming that timeshare interests have resale value.  Plaintiffs have also misrepresented their willingness to buy back timeshare interests from the Bluegreen Owners when the Bluegreen Owners wish to terminate their Timeshare Contracts and failed to fully disclose the perpetual financial obligations attendant to the Timeshare Contracts.  Plaintiffs have further refused to honor provisions of the Timeshare Contracts at issue here, such as clauses allowing termination of timeshare interests by the Bluegreen Owners for hardship.  Instead, Plaintiffs have continually attempted to sell the Bluegreen Owners additional timeshare interests with greater associated costs and fees while refusing to allow the Bluegreen Owners to terminate or sell back their interests and refusing to communicate with the Bluegreen Owners' agents and attorneys.

3. **Laches:** Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches. Plaintiffs unreasonably delayed in bringing these claims against the TTT Defendants, whom Plaintiffs knew of years before filing suit in this matter. Plaintiffs delayed, among other reasons, to collaborate with their competitors in the timeshare industry to file suit simultaneously against the TTT Defendants and similarly situated defendants, such as the other Defendants to this action. The TTT Defendants have been prejudiced by Plaintiffs' delay.

4. **Waiver, Acquiescence, and Estoppel:** Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

5. **Lack of Standing to Assert Rights of Third Parties:** Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of standing to assert the rights of third parties, in particular the timeshare owners who have engaged Defendant TTT's services.

6. **Litigation Privilege:** Plaintiffs' claims are barred, in whole or in part, because the litigation privilege extends to the TTT Defendants as the Bluegreen Owners' agents with respect to the Bluegreen Owners' attempts to obtain legal services and results. The TTT Defendants' actions are therefore absolutely privileged with regards to communications made in furtherance of the litigation privilege. This privilege extends to legal services provided in contemplation of litigation, including pre-suit demand letters and similar actions. The TTT Defendants' role supporting Defendant Harold O. Miller as the Bluegreen Owners' agents extends this privilege to the TTT Defendants through Defendant Miller.

7. **Agent's Privilege:** Plaintiffs' claims for tortious interference and civil conspiracy are barred, in whole or in part, because the TTT Defendants' actions were taken as agents of the Bluegreen Owners for the purposes of legally terminating the Bluegreen Owners' Timeshare

Contracts.   The TTT Defendants' actions on behalf of the Bluegreen Owners are therefore privileged.

8.      **Competition Privilege:** Plaintiffs' claims for tortious interference and civil conspiracy are barred, in whole or in part, because the TTT Defendants and the other Defendants enjoy the competition privilege to interfere and any interference was in Defendants' economic interests.

9.      **Justification to Interfere:** Plaintiffs' claims for tortious interference and civil conspiracy are barred, in whole or in part, because any interference with the Timeshare Contracts was justified, in the Bluegreen Owners' best interests, and served the public interest.   The Bluegreen Owners rarely, if ever, incur actual damages and the Timeshare Contracts are oppressive, unfair, and in many cases unenforceable or illegal.

10.      **Intra-corporate Conspiracy Doctrine:** Plaintiffs' claim for civil conspiracy is barred by the intra-corporate civil conspiracy doctrine.

11.      **Withdrawal:** Plaintiffs' claim for civil conspiracy is barred, to the extent the TTT Defendants were engaged in a civil conspiracy, due to their withdrawal from any such conspiracy.

12.      **Failure to Mitigate Damages:** Plaintiffs' claims are barred, in whole or in part, or significantly limited, due to Plaintiffs' failure to mitigate their damages.   To the extent Plaintiffs claim that timeshares have any resale value, and to the extent that Plaintiffs have been damaged by any Bluegreen Owners breaching or defaulting on the Timeshare Contracts, Plaintiffs are able to terminate the Timeshare Contracts, recover the Bluegreen Owners' ownership or beneficial interest, and rent or resell the timeshares quickly and at minimal cost.   Plaintiffs have also made an affirmative decision not to negotiate in good faith with the TTT Defendants, the other

Defendants, and the Bluegreen Owners regarding the disposition of timeshare contracts or interests within the apparent scope of Plaintiffs' claims.

13.     **No Double Recovery:** Plaintiffs' claims are barred, in whole or in part, to the extent any relief sought by Plaintiffs would be duplicative of relief sought by Plaintiffs or other plaintiffs in other lawsuits or proceedings, subjecting the TTT Defendants and the other Defendants to the possibility of duplicative liability or multiple recoveries.  Any such recovery is barred by the Fifth and Eight Amendments to the United States Constitution.

14.     **Offset of Damages:** Plaintiffs' claims are barred, in whole or in part, because any damage, loss, or liability sustained by Plaintiffs must be reduced or barred in proportion to wrongful or negligent conduct by parties other than the TTT Defendants, including Plaintiffs, other parties to this case, or third parties under the principles of allocation, recoupment, set-off, proportionate responsibility, contributory negligence, comparative negligence, or comparative fault.  To the extent Plaintiffs claim the underlying timeshare interests relevant to this action have any value, damages must also be offset by the fair market value of those interests.

15.     **Underlying Unenforceability of Contracts Due to Unconscionability:** Plaintiffs' claims are barred, in whole or in part, because the Timeshare Contracts at issue here are unconscionable and therefore unenforceable.  First, the Bluegreen Owners lacked a sufficient opportunity to understand the terms of the Timeshare Contracts at the time they signed them because of the high-pressure sales tactics used by Plaintiffs and because the Timeshare Contracts are presented on a "take-it-or-leave-it" basis.  Second, neither the Bluegreen Owners themselves nor any other person would accept the terms of the Timeshare Contracts if they fully understood the terms.  The Timeshare Contracts require payments, specifically by purchases of "points," by the Bluegreen Owners regardless of the Bluegreen Owners' ability to use the services of the

timeshares for which they pay.  Plaintiffs' timeshare properties are often unavailable to the Bluegreen Owners because Plaintiffs require the use of more "points" to reserve the properties than the Bluegreen Owners accumulate in a year under the Timeshare Contracts. Plaintiffs then require the Bluegreen Owners to purchase more points to use the timeshare properties for which the Bluegreen Owners have already contracted.  If the Bluegreen Owners do not use their points in a given year, they must pay yet another fee to carry those points over to the next year. Additionally, Plaintiffs' timeshare properties are often not available for use by the Bluegreen Owners even when the Bluegreen Owners purchase more points because Plaintiffs rent portions of the properties to non-timeshare owners.

16.    **Underlying Unenforceability of Contracts Due to Fraud in the Inducement:** Plaintiffs' claims are barred, in whole or in part, because the Timeshare Contracts at issue here are unenforceable due to fraud in the inducement.  Plaintiffs tell the Bluegreen Owners that they can access timeshare properties that Plaintiffs know the Bluegreen Owners will not be able to access unless the Bluegreen Owners purchase more points than the Timeshare Contracts provide in a year. The Bluegreen Owners properly rely on Plaintiffs' representations regarding which properties they may be able to access by purchasing a timeshare interest.  Further, Plaintiffs tell the Bluegreen Owners that there are methods by which the Bluegreen Owners may cancel their contracts or sell their timeshare interests, while Plaintiffs know that timeshare interests have no resale value and that Plaintiffs do not intend to release the Bluegreen Owners from the Timeshare Contracts.  The Bluegreen Owners reasonably rely on these misrepresentations in signing the Timeshare Contracts.

17.    **Liquidated Damages Provision:** Plaintiffs' claims are barred, in whole or in part, to the extent that the Timeshare Contracts are enforceable because Plaintiffs are entitled to and

receive liquidated damages when the Bluegreen Owners default.  Plaintiffs are barred from recovering additional damages on top of the liquidated damages they recover.

## COUNTER-PLAINTIFFS' COUNTERCLAIMS

Counter-Plaintiff Timeshare Termination Team, LLC f/k/a Vindaloo Travel Network, LLC, d/b/a Timeshare Termination Team ("Counter-Plaintiff" or "TTT"), files these counterclaims against Plaintiffs Bluegreen Vacations Unlimited Inc. and Bluegreen Vacations Corp. (collectively, "Bluegreen" or "Counter-Defendants") and alleges as follows:

## INTRODUCTION

1.     TTT is a timeshare exit company that helps timeshare owners legally terminate their timeshare obligations when those owners have been unable to do so on their own.  TTT acts as an agent for the timeshare owners it represents, including the Bluegreen Owners referenced in Plaintiffs' Complaint, and does so for those owners through a limited power of attorney.  TTT uses knowledge of the timeshare industry that its clients typically lack to help them terminate their timeshare obligations.

2.     Bluegreen has engaged in false advertising regarding TTT and bad-faith, obstructionist conduct designed to prevent TTT, and previously Defendant Harold O. Miller, from being able to operate as the Bluegreen Owners' agents for the purpose of terminating the Bluegreen Owners' Timeshare Contracts.  That approach has resulted in this action and caused TTT harm by preventing TTT from both aiding its existing clients and retaining prospective clients.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over the TTT's Lanham Act Claim under 28 U.S.C. §§ 1331 and 1338.

4.      The Court has supplemental jurisdiction over TTT's state law claims under 28 U.S.C. § 1367 because the state-law claims are so related to both TTT's Lanham Act claim and Bluegreen's Lanham Act claims that they form part of the same case or controversy.

5.      Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(1) because the Counter-Defendants both reside in this judicial district.

## THE PARTIES

6.      Counter-Plaintiff TTT is a Colorado limited liability company.  Its principal place of business is located in Greenwood Village, Colorado.

7.      Counter-Defendants Bluegreen Vacations Unlimited, Inc., and Bluegreen Vacations Corp. are both Florida corporations.  Bluegreen Vacations Unlimited, Inc., is a wholly-owned subsidiary of Bluegreen Vacations Corp.  Both entities' principal places of business are located in Boca Raton, Florida.

## GENERAL ALLEGATIONS

**A.  *TTT Is an Agent of Certain Bluegreen Owners*.**

8.      In this action, Bluegreen defined the Bluegreen Owners as "individuals who purchase timeshare interests through Bluegreen."

9.      Certain Bluegreen Owners, as defined by Bluegreen, are TTT's clients.

10.     As part of its process for assisting timeshare owners such as the Bluegreen Owners who seek to terminate their timeshare obligations, TTT obtains a limited power of attorney from the timeshare owner.  A redacted sample is attached as Exhibit "A."

11.     This power of attorney expressly allows TTT to act on behalf of the timeshare owner to negotiate with the timeshare resort or homeowners' association, assist the timeshare

owner in the process of legally ending the owner's timeshare interest, and hire an attorney on behalf of the timeshare owner for the purpose of ending the owner's timeshare interest.

12.      The Bluegreen Owners who entered into agreements with TTT signed a power of attorney as described above in Paragraphs 10 and 11.

13.      TTT is therefore agent of certain Bluegreen Owners for the purposes of legally ending those Bluegreen Owners' timeshare obligations.

### B. *The Bluegreen Owners Require the Assistance of TTT.*

14.      Bluegreen engages in high-pressure, deceptive sales tactics to convince the Bluegreen Owners to purchase timeshares.  Bluegreen does this by enticing prospective buyers into sales presentations with offers such as a free weekend stay at a Bluegreen property.  After telling the prospective buyers that the presentation will last sixty to ninety minutes, sales representatives then keep the prospective buyers in the presentation for as long as four to six hours, or even longer, while pressuring the buyers into signing a timeshare contract on the spot.

15.      At these presentations, Bluegreen sales representatives tell the prospective buyers that they will be able to access a variety of Bluegreen properties, that they will be able to book vacations every year, and that they will be able to exchange their ownership "points" for use at other Bluegreen resorts.

16.      In reality, the Bluegreen Owners can rarely, if ever, book a stay at a Bluegreen resort during a desirable vacation time.  Often, the Bluegreen Owners will only be able to use the points granted in their initial contract to use the lowest level of resort during off-season times of year.  Sometimes, their points may not be enough to book a Bluegreen resort at all.  Other times, Bluegreen resorts are not available even when the Bluegreen Owners attempt to book a stay as long as thirteen months before.

17.     Instead of working with the Bluegreen Owners to deliver on the promises made in the initial sales meetings, Bluegreen representatives attempt to sell the Bluegreen Owners more points or additional timeshare interests—or both—when the Bluegreen Owners seek to enforce the representations made in the initial sales meetings.

18.     Further, Bluegreen requires the Bluegreen Owners to pay an additional fee if the Bluegreen Owners want to carry unused points over into the next year.  If the Bluegreen Owners do not pay the fee, their points are lost, even if the Bluegreen Owners were unable to book a stay that year through no fault of their own.

19.     If the Bluegreen Owners are able to book a stay at a Bluegreen resort, Bluegreen requires that they attend an "update meeting" upon arrival in order to access the amenities for which they have already paid annual fees and maintenance fees.  At these "update meetings," Bluegreen subjects the Bluegreen Owners to more high-pressure sales presentations and sales tactics similar to those used in the initial presentation.  Rather than providing the Bluegreen Owners an update, the meeting is designed to induce the Bluegreen Owners to purchase more points.

20.     Bluegreen does not provide the Bluegreen Owners the full details of the additional points.  Often, the additional points are actually new timeshare interests that come with another set of annual fees and maintenance fees.

21.     Further, when the Bluegreen Owners attempt to contact Bluegreen and terminate their timeshares, Bluegreen avoids the issue and instead attempts to sell the owners more points to fix the concerns that the Bluegreen Owners raise.

22.     Bluegreen also tells the Bluegreen Owners that it does not have a deed-back program.  Instead, it suggests that the Bluegreen Owners attempt to sell their timeshare if they persist in seeking to terminate.

23.     Bluegreen, however, knows that sales rarely happen because timeshares have little to no resale value.  The Bluegreen Owners that attempt to sell their timeshare interests rarely, if ever, succeed in doing so.

24.     Even Bluegreen Owners that raise issues of medical incapacity that deny them the ability to travel or changes in financial situations that leave them unable to bear the burden of Bluegreen's monthly and annual fees receive little to no help from Bluegreen.  For example, Bluegreen has refused to release Bluegreen Owners that have raised issues of medical necessity including leukemia, multiple sclerosis, and back surgery preventing travel.  Additionally, Bluegreen has refused to release Bluegreen Owners that have raised issues of financial hardship including loss of employment, becoming full-time caregivers for relatives, and automobile accidents.

25.     The Bluegreen Owners that come to TTT for assistance therefore require the aid of a third party to negotiate with Bluegreen and terminate their Timeshare Contracts.  Despite these Bluegreen Owners' best efforts, they have been unable effectively engage with Bluegreen on their own to reach an agreeable solution.

**C.  *Bluegreen Falsely Claims that All Timeshare Exit Companies Are a Scam.***

26.     Bluegreen, meanwhile, publicly states that the Bluegreen Owners should not engage the services of timeshare exit companies such as TTT to assist them in ending the burden of their timeshares.

27.     Bluegreen generally and falsely states that timeshare exit companies are a scam, that timeshare exit companies will only take the Bluegreen Owners' money, and that the exit companies will not work on the Bluegreen Owners' behalf.

28.     Bluegreen also transmits these false statements regarding exit companies to the Bluegreen Owners, and Bluegreen's other timeshare owners, in emails and other correspondence.

29.     Further, Bluegreen admits to the Bluegreen Owners that it will not work with timeshare exit companies—in doing so, Bluegreen wrongly seeks to dissuade the Bluegreen Owners from retaining the services of an agent, which the Bluegreen Owners have a legal right to do.

**D.  *Bluegreen Wrongly Refuses to Negotiate with TTT.***

30.     As the Bluegreen Owners' agent, and consistent with the power of attorney the Bluegreen Owners give TTT upon retaining TTT's services, TTT engages legal counsel to assist in the timeshare exit process.

31.     Until November 2020, TTT engaged the services of Defendant Harold O. Miller for these purposes.

32.     From November 2020 through the present, TTT has established and now uses an in-house legal team to assist TTT in terminating the Timeshare Contracts of the Bluegreen Owners that TTT represents.

33.     Bluegreen is aware of TTT's relationship with the Bluegreen Owners both because TTT—or at prior times outside counsel, Defendant Harold O. Miller—provide written notice to Bluegreen that the specific Bluegreen Owner has retained their services for the purpose of ending the Bluegreen Owner's Timeshare Contract.  Bluegreen has also made public statements, as

described above, demonstrating its own awareness of Bluegreen Owners retaining timeshare exit companies and attorneys to assist in terminating their Timeshare Contracts.

34.     Bluegreen refuses to negotiate with TTT, and previously refused to negotiate with Defendant Harold O. Miller, instead delaying responses to—or outright ignoring—TTT or Defendant Harold O. Miller.

35.     As a result, TTT, and previously Defendant Harold O. Miller, have been unable to effectively act as the Bluegreen Owners' agents under their Power of Attorney.

### COUNT I: FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)(1)

36.     TTT adopts and realleges Paragraphs 1–35.

37.     This counterclaim is a cause of action for violation of 15 U.S.C. § 1125(a)(1) against Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corp.

38.     Bluegreen intentionally made false or misleading statements, described above, about timeshare exit companies such as TTT in commercial advertisements and in communications directed toward the Bluegreen Owners.

39.     These statements did deceive or were likely to deceive the Bluegreen Owners in a material way by making the Bluegreen Owners think that timeshare exit companies such as TTT are all a scam and cannot assist the Bluegreen Owners in terminating the Bluegreen Owners' Timeshare Contracts.

40.     Bluegreen made these statements in interstate commerce, as the Bluegreen Owners reside across the United States.

41.     These statements have and are likely to cause commercial or competitive injury to TTT because the statements prevent Bluegreen Owners who would like to exit their timeshares

from using TTT's services, and these statements will continue to dissuade other Bluegreen Owners from using TTT's services in the future.

42.     Defendant TTT respectfully requests that the Court enter final judgment in its favor and against Bluegreen, for the following:

a.   Preliminary injunctive relief preventing Bluegreen from engaging in the conduct complained of in this Counterclaim,

b.   Permanent injunctive relief preventing Bluegreen from engaging in the conduct complained of in this Counterclaim,

c.   Actual damages as to this Counterclaim,

d.   Punitive damages as to this Counterclaim,

e.   Attorneys' fees,

f.   Costs,

g.   Pre- and post-judgment interest,

h.   And such other relief as the Court deems just and proper.

### COUNT II: DECEPTIVE AND UNFAIR TRADE PRACTICES IN VIOLATION OF FLORIDA STATUTES §§ 501.201 *ET SEQ.*

43.     TTT adopts and realleges Paragraphs 1–35.

44.     This counterclaim is a cause of action for violation of Florida Statutes §§ 501.201 *et seq.*, Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), against Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corp.

45.     Bluegreen has engaged in deceptive trade practices by sending false or misleading statements to the Bluegreen Owners, as described in Paragraphs 1–35, and by stating that timeshare exit companies are a scam and cannot assist the Bluegreen Owners.

46.     Bluegreen also has engaged in unfair trade practices by refusing to work with TTT's in-house attorneys, or at prior times outside counsel, as the agent of the Bluegreen Owners.  This is contrary to public policy in Florida, which requires that individuals be able use the services of an attorney and recognizes the ability of an agent to conduct business on behalf of a principal.

47.     As a direct and proximate result of these deceptive and unfair trade practices, TTT has lost customers, refunded fees to clients when Bluegreen would not negotiate with TTT's in-house counsel or outside counsel, and continues to lose future customers.

48.     These losses have caused TTT harm through lost revenue and lost potential revenue.

49.     TTT's losses will continue to increase unless Bluegreen is permanently enjoined from continuing these deceptive and unfair trade practices.  Bluegreen's conduct, if not permanently enjoined, will continue to cause irreparable harm to TTT by disrupting TTT's relationships with its clients and preventing future clients from engaging TTT's services.  TTT seeks an injunction against Bluegreen to prevent this irreparable harm from continuing.

50.      Bluegreen has engaged in the deceptive and unfair trade practices described above with knowledge of the wrongfulness of its actions and of the high probability of harm to both TTT and the Bluegreen Owners.  TTT is therefore entitled to an award of punitive damages under Florida Statutes § 768.72.

51.     Defendant TTT respectfully requests that the Court enter final judgment in its favor and against Bluegreen, for the following:

a.  Preliminary injunctive relief preventing Bluegreen from engaging in the conduct complained of in this Counterclaim,

b. Permanent injunctive relief preventing Bluegreen from engaging in the conduct complained of in this Counterclaim,

c. Actual damages as to this Counterclaim,

d. Punitive damages as to this Counterclaim,

e. Attorneys' fees,

f. Costs,

g. Pre- and post-judgment interest,

h. And such other relief as the Court deems just and proper.

## COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT

52. TTT adopts and realleges Paragraphs 1–35.

53. This counterclaim is a cause of action for tortious interference with contractual relations against Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corp.

54. TTT has, at all times relevant to this action, had a business relationship with certain Bluegreen Owners by virtue of its contracts with those Owners and the Powers of Attorney that TTT received from those Owners.

55. Bluegreen was at all times aware of TTT's relationship with those Bluegreen Owners because either then-outside counsel or TTT's current in-house legal counsel informed Bluegreen that the Bluegreen Owners were represented.

56. Bluegreen engaged in intentional and unjustified interference with TTT's relationship with the Bluegreen Owners both by publishing false, or generalized and misleading, statements about timeshare exit companies to the Bluegreen Owners and by refusing to negotiate with TTT and legal counsel as the Bluegreen Owners' representatives.

57.     These actions have caused TTT harm by preventing TTT from being able to achieve timely results for the Bluegreen Owners it represents, which then caused some of the Bluegreen Owners to demand refunds from TTT after contracting with TTT, and by deterring Bluegreen Owners that would have sought to terminate their timeshares from using TTT's services.

58.     Bluegreen has been at all times aware of the actions taken by its employees to frustrate TTT's representation of the Bluegreen Owners because Bluegreen directs its employees not to negotiate with timeshare exit companies or attorneys acting on behalf of the Bluegreen Owners.  Bluegreen is therefore liable for the actions of its employees under the doctrine of respondeat superior.

59.     In committing this tortious interference, Bluegreen acted with knowledge of the wrongfulness of its actions and of the high probability of harm to both TTT and the Bluegreen Owners.  TTT is therefore entitled to an award of punitive damages under Florida Statutes § 768.72.

60.     Defendant TTT respectfully requests that the Court enter final judgment in its favor and against Bluegreen, for the following:

    a.  Preliminary injunctive relief preventing Bluegreen from engaging in the conduct complained of in this Counterclaim,

    b.  Permanent injunctive relief preventing Bluegreen from engaging in the conduct complained of in this Counterclaim,

    c.  Actual damages as to this Counterclaim,

    d.  Punitive damages as to this Counterclaim,

    e.  Attorneys' fees,

    f.  Costs,

g. Pre- and post-judgment interest,

h. And such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The TTT Defendants demand a jury trial under Federal Rule of Civil Procedure 38 on all issues and claims for which a jury trial is allowed.

WHEREFORE, Defendants TTT, Timeshare Termination Team LLC, Brian Wilbur, and Holly Wilbur respectfully request that the Court enter final judgment in their favor and against Plaintiffs, for the following:

a) Denial of Plaintiffs' requested relief for all Counts in the Complaint;

b) Preliminary injunctive relief preventing Bluegreen from engaging in the conduct complained of in TTT's counterclaims,

c) Permanent injunctive relief preventing Bluegreen from engaging in the conduct complained of in TTT's counterclaims,

d) Actual damages as to TTT's counterclaims,

e) Punitive damages as to TTT's counterclaims,

f) Attorneys' fees,

g) Costs,

h) Pre- and post-judgment interest,

i) And such other relief as the Court deems just and proper.

Dated: April 12, 2021        Respectfully submitted,

HOGAN LOVELLS US LLP
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Telephone:  (305) 459-6500
Facsimile:   (305) 459-6550

Mark R. Cheskin, Esq.
Fla. Bar No.: 143154
mark.cheskin@hoganlovells.com
Clayton J. Schmitt, Esq.
Fla. Bar No.: 1024646
clayton.schmitt@hoganlovells.com

By:      /s/ *Mark R. Cheskin*
        Mark R. Cheskin, Esq.

*Counsel for Defendants Timeshare Termination
Team, LLC f/k/a Vindaloo Travel Network, LLC,
Timeshare Termination Team LLC, Brian Wilbur,
and Holly Wilbur*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:      /s/ *Mark R. Cheskin*
        Mark R. Cheskin, Esq.