**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No.: 1:20-cv-25318-BLOOM/Otazo-Reyes**

BLUEGREEN VACATIONS UNLIMITED, INC.,
a Florida corporation; and BLUEGREEN
VACATIONS CORPORATION, a Florida
corporation,

      Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC, a
Colorado limited liability company; VINDALOO
TRAVEL NETWORK, LLC d/b/a TIMESHARE
TERMINATION TEAM a/k/a TIMESHARE
TERMINATION TEAM, LLC, a Colorado limited
liability company; FREEDOM CONSUMER
SERVICES, LLC, d/b/a Timeshare Freedom Group,
d/b/a/ Timeshare Freedom, a Nevada limited liability
company; SYSTEMA MARKETING, INC., a
Nevada corporation; BRIAN STEPHEN WILBUR;
an individual, HOLLY WILBUR, an individual,
JORDAN SALKIN, an individual; SHAYNA G.
SCHROEDER, an individual; HAROLD O.
MILLER, an individual; MICHAEL A.
MOLFETTA, an individual; and MOLFETTA
LAW, LLC, a California limited liability company,

      Defendants.

_____/

**DEFENDANTS VINDALOO TRAVEL NETWORK, LLC, TIMESHARE
TERMINATION TEAM LLC, BRIAN WILBUR, AND HOLLY WILBUR'S
ANSWER, AFFIRMATIVE DEFENSES, AND AMENDED COUNTERCLAIMS**

      Defendants Timeshare Termination Team, LLC f/k/a Vindaloo Travel Network, LLC,

d/b/a Timeshare Termination Team ("TTT"), Timeshare Termination Team LLC, Brian Wilbur,

and Holly Wilbur (collectively, "TTT Defendants"), answer and assert affirmative defenses to

Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corp.'s ("Plaintiffs")

Complaint under Federal Rule of Procedure 8.  Defendant TTT also asserts counterclaims against Plaintiffs under Federal Rule of Civil Procedure 13.  The TTT Defendants further state:

<u>**GENERAL ALLEGATIONS**</u>

1.      Denied.

2.      The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore deny these allegations.

3.      Admitted that the Bluegreen Owners enter into agreements with the Plaintiffs, but the remainder of Paragraph 3 is denied.

4.      Admitted that the Bluegreen Owners enter into agreements with the Plaintiffs, but the remainder of Paragraph 4 is denied.

5.      The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny these allegations.

6.      Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 6 and therefore deny these allegations.

7.       Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 7 and therefore deny these allegations.

8.      Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 8 and therefore deny these allegations.

9.      Denied as to "such claim" which refers to Paragraph 8.  The TTT Defendants state that the "representative sample" from TTT's website in Paragraph 9 speaks for itself and denies the remaining allegations in Paragraph 9.

10.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny these allegations.

11.     Denied.

12.     The allegations in Paragraph 12 constitute a legal conclusion to which no response is required.  To the extent a response is required, the TTT Defendants deny the allegations.

13.     Denied.

14.     Denied.

15.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 15 and therefore deny these allegations.

16.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 16 and therefore deny these allegations.

17.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 17 and therefore deny these allegations.

18.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 18 and therefore deny these allegations.

19.    Admitted that TTT paid Defendant Harold O. Miller for his services as an attorney on behalf of the Bluegreen Owners.  The remainder of Paragraph 19 is denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 19 and therefore deny these allegations.

20.    Denied.

21.    Denied.

22.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny these allegations.

23.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny these allegations.

24.    Admitted that Timeshare Termination Team, LLC is a Colorado limited liability company, but denied that it is located at the alleged address or that its registered agent is as alleged.

25.    Denied.

26.    Denied because Vindaloo Travel Network, LLC withdrew its trade name of Timeshare Termination Team on December 11, 2020, and changed the name of the entity on the same date to Timeshare Termination Team, LLC.  Also denied because Defendant TTT's registered agent is the Law Office of Julia M. Knearl, LLC, 945 Front Street, Louisville, Colorado 80027.  The remainder of this paragraph is also denied.

27.    Admitted.

28.    Denied.

29.    Denied.

30.    Denied.

31.     Admitted that Defendant Brian Wilbur resides in Colorado and founded and co-owns Defendant TTT.  The remainder of Paragraph 31 is denied.

32.     Admitted that Defendant Holly Wilbur resides in Colorado and founded and co-owns Defendant TTT.  The remainder of Paragraph 31 is denied.

33.     Denied.

34.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny these allegations.

35.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny these allegations.

36.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny these allegations.

37.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore deny these allegations.

38.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore deny these allegations.

39.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore deny these allegations.

40.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore deny these allegations.

41.     Admitted that Defendant TTT had previously engaged Defendant Harold O. Miller's services.  The remainder of Paragraph 41 and Exhibit 1 are denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations against the other Defendants in Paragraph 41 and therefore deny these allegations.

42.     Admitted as to subject matter jurisdiction, but the TTT Defendants deny that the Plaintiffs are entitled to relief on their claims brought under the Lanham Act, 15 U.S.C. § 1125(a)(1).

43.     Admitted as to subject matter jurisdiction, but the TTT Defendants deny that the Plaintiffs are entitled to relief on their claims brought under state law.

44.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 44 and therefore deny these allegations.

45.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 45 and therefore deny these allegations.

46.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 46 and therefore deny these allegations.

47.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 47 and therefore deny these allegations.

48.     Admitted that Defendant TTT maintains a website as part of its business.  The remainder of Paragraph 48 is denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 48 and therefore deny these allegations.

49.     Admitted that Defendant TTT had previously engaged Defendant Harold O. Miller's services.  The remainder of Paragraph 49 is denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 49 and therefore deny these allegations.

50.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny these allegations.

51.     Admitted that Defendant Brian Wilbur has appeared in advertising for Defendant TTT.  The remainder of Paragraph 51 is denied.

52.     Admitted that Defendant Brian Wilbur has appeared in advertising for Defendant TTT.  The remainder of Paragraph 52 is denied.

53.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 53 and therefore deny these allegations.

54.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 54 and therefore deny these allegations.

55.     Denied.

56.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny these allegations.

57.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 57 and therefore deny these allegations.

58.     Denied.

59.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 59 and therefore deny these allegations.

60.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 60 and therefore deny these allegations.

61.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 61 and therefore deny these allegations.

62.     Denied.

63.     Denied.

64.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny these allegations.

65.     Admitted that Defendant TTT maintains a website as part of its business.  The remainder of Paragraph 65 is denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 65 and therefore deny these allegations.

66.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 66 and therefore deny these allegations.

67.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 67 and therefore deny these allegations.

68.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 68 and therefore deny these allegations.

69.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 69 and therefore deny these allegations.

70.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 70 and therefore deny these allegations.

71.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 71 and therefore deny these allegations.

72.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 72 and therefore deny these allegations.

73.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 73 and therefore deny these allegations.

74.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 74 and therefore deny these allegations.

75.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 75 and therefore deny these allegations.

76.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 76 and therefore deny these allegations.

77.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 77 and therefore deny these allegations.

78.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 78 and therefore deny these allegations.

79.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny these allegations.

80.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 80 and therefore deny these allegations.

81.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 81 and therefore deny these allegations.

82.     The TTT Defendants state that the letter "purportedly from Miller" attached to the Complaint as Exhibit 2 speaks for itself and, to the extent there are any inconsistencies between the letter and the allegations of Paragraph 82,  the allegations are denied.  The TTT Defendants

are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 82 and Exhibit 3 and therefore deny these allegations.

83.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 83 and therefore deny these allegations.

84.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 84 and therefore deny these allegations.

85.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 85 and therefore deny these allegations.

86.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 86 and therefore deny these allegations.

87.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 87 and therefore deny these allegations.

88.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 88 and therefore deny these allegations.

89.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 89 and therefore deny these allegations.

90.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny these allegations.

91.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore deny these allegations.

92.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore deny these allegations.

93.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore deny these allegations.

94.     Denied.

95.     Denied.

96.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 96 and therefore deny these allegations.

97.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 97 and therefore deny these allegations.

98.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 98 and therefore deny these allegations.

99.     Denied as to the TTT Defendants.  The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against the other Defendants in Paragraph 99 and therefore deny these allegations.

100.    Admitted that the website identified in Paragraph 100 belongs to TTT.    This paragraph is denied as to the rest of the TTT Defendants.

101.    The TTT Defendants state that the advertisements attached to the Complaint as Exhibit 4 speak for themselves and deny the remaining allegations of Paragraph 101.

102.    Denied.

103.    The TTT Defendants state that the website speaks for itself and deny any inconsistencies between the website and the allegations of Paragraph 103.

104.    Denied.

105.    Admitted.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Admitted that Defendant Brian Wilbur appeared in advertisements.    The TTT Defendants state that the contents of those advertisements speak for themselves and deny any inconsistencies between the advertisements and the allegations of Paragraph 110.    The TTT Defendants deny the remainder of the allegations in Paragraph 110.

111.    Denied.

112.    Denied.

113.    Admitted.

114.    Admitted.

115.    Admitted.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Admitted.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Admitted that Defendant TTT has made payments to Defendant Harold O. Miller, but denied to the extent that the allegations in Paragraph 138 suggest that such payments are all relevant to the Bluegreen Owners.

139.    Admitted that Defendant TTT has made payments to Defendant Harold O. Miller, but denied to the extent that the allegations in Paragraph 139 suggest Holly Wilbur acted in her personal capacity.  The remainder of this paragraph is denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    The TTT Defendants state that the advertisements speak for themselves and deny any inconsistencies between the advertisements and the allegations of Paragraph 147.

148.    The TTT Defendants state that the website speaks for itself and deny any inconsistencies between the website and the allegations of Paragraph 148.

149.    Denied.

150.    The TTT Defendants state that the "Step-By-Step Exit Map" speaks for itself and deny any inconsistencies between it and the allegations of Paragraph 150.

151.    The TTT Defendants state that the "Step-By-Step Exit Map" speaks for itself and deny any inconsistencies between it and the allegations of Paragraph 151.

152.     The TTT Defendants state that the "Step-By-Step Exit Map" speaks for itself and deny any inconsistencies between it and the allegations of Paragraph 152.

153.     Denied.

154.     Denied.

155.     Denied as to the allegation that the referenced customer was "supposedly" and not actually satisfied with Defendant TTT's services.  The remainder of Paragraph 155 is admitted.

156.     Denied.

157.     The TTT Defendants state that the advertisements speak for themselves and deny any inconsistencies between the advertisements and the allegations of Paragraph 157.

158.     Denied.

159.     Denied.

160.     Denied.

161.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore deny these allegations.

162.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore deny these allegations.

163.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore deny these allegations.

164.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore deny these allegations.

165.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore deny these allegations.

166.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore deny these allegations.

167.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore deny these allegations.

168.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore deny these allegations.

169.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore deny these allegations.

170.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore deny these allegations.

171.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore deny these allegations.

172.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore deny these allegations.

173.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore deny these allegations.

174.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore deny these allegations.

175.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore deny these allegations.

176.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore deny these allegations.

177.     The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 and therefore deny these allegations.

### COUNT I

178.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160.

179.     Admitted that Plaintiffs purport to bring this claim under the Lanham Act, 15 U.S.C. § 1125(a)(1).   The TTT Defendants deny that Plaintiffs are entitled to relief under this Count and deny the remainder of Paragraph 179.

180.     Denied.

181.     Denied.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Admitted that Plaintiffs purport to seek an injunction under 15 U.S.C. § 1125(a). The TTT Defendants deny that Plaintiffs are entitled to this relief and deny the remainder of Paragraph 189.

### COUNT II

190.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160 and 178 through 189.

191.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and therefore deny these allegations.

192.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and therefore deny these allegations.

193.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and therefore deny these allegations.

194.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore deny these allegations.

195.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and therefore deny these allegations.

196.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 196 and therefore deny these allegations.

197.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and therefore deny these allegations.

198.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and therefore deny these allegations.

199.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and therefore deny these allegations.

200.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and therefore deny these allegations.

201.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and therefore deny these allegations.

202.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and therefore deny these allegations.

203.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and therefore deny these allegations.

<strong><u>COUNT III</u></strong>

204.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99 and 161 through 177.

205.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and therefore deny these allegations.

206.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and therefore deny these allegations.

207.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and therefore deny these allegations.

208.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and therefore deny these allegations.

209.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and therefore deny these allegations.

210.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and therefore deny these allegations.

211.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and therefore deny these allegations.

212.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and therefore deny these allegations.

213.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 213 and therefore deny these allegations.

214.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and therefore deny these allegations.

215.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and therefore deny these allegations.

**<u>COUNT IV</u>**

216.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99, 161 through 177, and 204 through 215.

217.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 and therefore deny these allegations.

218.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and therefore deny these allegations.

219.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 219 and therefore deny these allegations.

220.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and therefore deny these allegations.

221.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and therefore deny these allegations.

222.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 and therefore deny these allegations.

223.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and therefore deny these allegations.

224.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and therefore deny these allegations.

225.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and therefore deny these allegations.

226.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 and therefore deny these allegations.

227.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 and therefore deny these allegations.

228.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 and therefore deny these allegations.

## **COUNT V**

229.     The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99 and 161 through 177.

230.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 and therefore deny these allegations.

231.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and therefore deny these allegations.

232.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 and therefore deny these allegations.

233.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 and therefore deny these allegations.

234.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore deny these allegations.

235.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 and therefore deny these allegations.

236.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 236 and therefore deny these allegations.

237. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and therefore deny these allegations.

238. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore deny these allegations.

239. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and therefore deny these allegations.

240. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and therefore deny these allegations.

241. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and therefore deny these allegations.

242.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and therefore deny these allegations.

243.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and therefore deny these allegations.

244.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and therefore deny these allegations.

## **COUNT VI**

245.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160.

246.    Admitted that Plaintiffs purport to bring this claim for tortious interference with contractual relations.  The TTT Defendants deny that Plaintiffs are entitled to relief under this Count and deny the remainder of Paragraph 246.

247.    The TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 and therefore deny these allegations.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

## COUNT VII

261.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99, 161 through 177, and 229 through 244.

262.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 and therefore deny these allegations.

263.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 and therefore deny these allegations.

264.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 264 and therefore deny these allegations.

266. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 and therefore deny these allegations.

266. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 and therefore deny these allegations.

267. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 and therefore deny these allegations.

268. This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 and therefore deny these allegations.

## **COUNT VIII**

269. The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160 and 245 through 260.

270.    Admitted that Plaintiffs purport to bring this claim for conspiracy to commit tortious interference with contractual relations.  The TTT Defendants deny that Plaintiffs are entitled to relief under this Count and deny the remainder of Paragraph 270.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

275.    Denied.

276.    Denied.

277.    Denied.

278.    Denied.

## COUNT IX

279.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 99 and 161 through 177.

280.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 and therefore deny these allegations.

281.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 and therefore deny these allegations.

282.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 and therefore deny these allegations.

283.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 and therefore deny these allegations.

284.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 and therefore deny these allegations.

285.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 and therefore deny these allegations.

286.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 and therefore deny these allegations.

287.     This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 287 and therefore deny these allegations.

288.    This Count is not directed against the TTT Defendants, so no response is required. To the extent a response is required, the TTT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 and therefore deny these allegations.

## **COUNT X**

289.    The TTT Defendants adopt and restate their responses to Paragraphs 1 through 160.

290.    Admitted that Plaintiffs purport to bring this claim under the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes § 501.201 *et seq.*  The TTT Defendants deny that Plaintiffs are entitled to relief under this Count and deny the remainder of Paragraph 290.

291.    Denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    Denied.

297.    Denied.

298.    Denied.

The TTT Defendants deny that the Plaintiffs are entitled to any of the relief requested against the TTT Defendants in the "Wherefore" clause.  The TTT Defendants are without knowledge or information sufficient to form a belief as to relief requested against the other

Defendants in the "Wherefore" clause, and therefore the TTT Defendants deny the remainder of the "Wherefore" clause.

The TTT Defendants deny all remaining allegations in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

The TTT Defendants set forth their affirmative defenses below.  By setting forth these defenses, the TTT Defendants do not assume the burden of proof on matters and issues other than those on which they bear the burden of proof as a matter of law.

1.      **Failure to State a Claim:** Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to state a cause of action for which relief could be granted in each claim against each of the TTT Defendants.

2.      **Unclean Hands:** Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.  Plaintiffs have fraudulently misrepresented the value of their services to the Bluegreen Owners by falsely claiming that timeshare interests have resale value.  Plaintiffs have also misrepresented their willingness to buy back timeshare interests from the Bluegreen Owners when the Bluegreen Owners wish to terminate their Timeshare Contracts and failed to fully disclose the perpetual financial obligations attendant to the Timeshare Contracts.  Plaintiffs have further refused to honor provisions of the Timeshare Contracts at issue here, such as clauses allowing termination of timeshare interests by the Bluegreen Owners for hardship.  Instead, Plaintiffs have continually attempted to sell the Bluegreen Owners additional timeshare interests with greater associated costs and fees while refusing to allow the Bluegreen Owners to terminate or sell back their interests and refusing to communicate with the Bluegreen Owners' agents and attorneys.

3.      **Laches:** Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches. Plaintiffs unreasonably delayed in bringing these claims against the TTT Defendants, whom Plaintiffs knew of years before filing suit in this matter.  Plaintiffs delayed, among other reasons, to collaborate with their competitors in the timeshare industry to file suit simultaneously against the TTT Defendants and similarly situated defendants, such as the other Defendants to this action. The TTT Defendants have been prejudiced by Plaintiffs' delay.

4.      **Waiver, Acquiescence, and Estoppel:** Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

5.      **Lack of Standing to Assert Rights of Third Parties:** Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of standing to assert the rights of third parties, in particular the timeshare owners who have engaged Defendant TTT's services.

6.      **Litigation Privilege:** Plaintiffs' claims are barred, in whole or in part, because the litigation privilege extends to the TTT Defendants as the Bluegreen Owners' agents with respect to the Bluegreen Owners' attempts to obtain legal services and results.  The TTT Defendants' actions are therefore absolutely privileged with regards to communications made in furtherance of the litigation privilege.  This privilege extends to legal services provided in contemplation of litigation, including pre-suit demand letters and similar actions.  The TTT Defendants' role supporting Defendant Harold O. Miller as the Bluegreen Owners' agents extends this privilege to the TTT Defendants through Defendant Miller.

7.      **Agent's Privilege:** Plaintiffs' claims for tortious interference and civil conspiracy are barred, in whole or in part, because the TTT Defendants' actions were taken as agents of the Bluegreen Owners for the purposes of legally terminating the Bluegreen Owners' Timeshare

Contracts. The TTT Defendants' actions on behalf of the Bluegreen Owners are therefore privileged.

8. **Competition Privilege:** Plaintiffs' claims for tortious interference and civil conspiracy are barred, in whole or in part, because the TTT Defendants and the other Defendants enjoy the competition privilege to interfere and any interference was in Defendants' economic interests.

9. **Justification to Interfere:** Plaintiffs' claims for tortious interference and civil conspiracy are barred, in whole or in part, because any interference with the Timeshare Contracts was justified, in the Bluegreen Owners' best interests, and served the public interest. The Bluegreen Owners rarely, if ever, incur actual damages and the Timeshare Contracts are oppressive, unfair, and in many cases unenforceable or illegal.

10. **Intra-corporate Conspiracy Doctrine:** Plaintiffs' claim for civil conspiracy is barred by the intra-corporate civil conspiracy doctrine.

11. **Withdrawal:** Plaintiffs' claim for civil conspiracy is barred, to the extent the TTT Defendants were engaged in a civil conspiracy, due to their withdrawal from any such conspiracy.

12. **Failure to Mitigate Damages:** Plaintiffs' claims are barred, in whole or in part, or significantly limited, due to Plaintiffs' failure to mitigate their damages. To the extent Plaintiffs claim that timeshares have any resale value, and to the extent that Plaintiffs have been damaged by any Bluegreen Owners breaching or defaulting on the Timeshare Contracts, Plaintiffs are able to terminate the Timeshare Contracts, recover the Bluegreen Owners' ownership or beneficial interest, and rent or resell the timeshares quickly and at minimal cost. Plaintiffs have also made an affirmative decision not to negotiate in good faith with the TTT Defendants, the other

Defendants, and the Bluegreen Owners regarding the disposition of timeshare contracts or interests within the apparent scope of Plaintiffs' claims.

13. **No Double Recovery:** Plaintiffs' claims are barred, in whole or in part, to the extent any relief sought by Plaintiffs would be duplicative of relief sought by Plaintiffs or other plaintiffs in other lawsuits or proceedings, subjecting the TTT Defendants and the other Defendants to the possibility of duplicative liability or multiple recoveries. Any such recovery is barred by the Fifth and Eight Amendments to the United States Constitution.

14. **Offset of Damages:** Plaintiffs' claims are barred, in whole or in part, because any damage, loss, or liability sustained by Plaintiffs must be reduced or barred in proportion to wrongful or negligent conduct by parties other than the TTT Defendants, including Plaintiffs, other parties to this case, or third parties under the principles of allocation, recoupment, set-off, proportionate responsibility, contributory negligence, comparative negligence, or comparative fault. To the extent Plaintiffs claim the underlying timeshare interests relevant to this action have any value, damages must also be offset by the fair market value of those interests.

15. **Underlying Unenforceability of Contracts Due to Unconscionability:** Plaintiffs' claims are barred, in whole or in part, because the Timeshare Contracts at issue here are unconscionable and therefore unenforceable. First, the Bluegreen Owners lacked a sufficient opportunity to understand the terms of the Timeshare Contracts at the time they signed them because of the high-pressure sales tactics used by Plaintiffs and because the Timeshare Contracts are presented on a "take-it-or-leave-it" basis. Second, neither the Bluegreen Owners themselves nor any other person would accept the terms of the Timeshare Contracts if they fully understood the terms. The Timeshare Contracts require payments, specifically by purchases of "points," by the Bluegreen Owners regardless of the Bluegreen Owners' ability to use the services of the

timeshares for which they pay.  Plaintiffs' timeshare properties are often unavailable to the Bluegreen Owners because Plaintiffs require the use of more "points" to reserve the properties than the Bluegreen Owners accumulate in a year under the Timeshare Contracts. Plaintiffs then require the Bluegreen Owners to purchase more points to use the timeshare properties for which the Bluegreen Owners have already contracted.  If the Bluegreen Owners do not use their points in a given year, they must pay yet another fee to carry those points over to the next year. Additionally, Plaintiffs' timeshare properties are often not available for use by the Bluegreen Owners even when the Bluegreen Owners purchase more points because Plaintiffs rent portions of the properties to non-timeshare owners.

16.    **Underlying Unenforceability of Contracts Due to Fraud in the Inducement:** Plaintiffs' claims are barred, in whole or in part, because the Timeshare Contracts at issue here are unenforceable due to fraud in the inducement.  Plaintiffs tell the Bluegreen Owners that they can access timeshare properties that Plaintiffs know the Bluegreen Owners will not be able to access unless the Bluegreen Owners purchase more points than the Timeshare Contracts provide in a year. The Bluegreen Owners properly rely on Plaintiffs' representations regarding which properties they may be able to access by purchasing a timeshare interest.  Further, Plaintiffs tell the Bluegreen Owners that there are methods by which the Bluegreen Owners may cancel their contracts or sell their timeshare interests, while Plaintiffs know that timeshare interests have no resale value and that Plaintiffs do not intend to release the Bluegreen Owners from the Timeshare Contracts.  The Bluegreen Owners reasonably rely on these misrepresentations in signing the Timeshare Contracts.

17.    **Liquidated Damages Provision:** Plaintiffs' claims are barred, in whole or in part, to the extent that the Timeshare Contracts are enforceable because Plaintiffs are entitled to and

receive liquidated damages when the Bluegreen Owners default.  Plaintiffs are barred from recovering additional damages on top of the liquidated damages they recover.

## COUNTER-PLAINTIFF'S AMENDED COUNTERCLAIMS

Counter-Plaintiff Timeshare Termination Team, LLC f/k/a Vindaloo Travel Network, LLC, d/b/a Timeshare Termination Team ("Counter-Plaintiff" or "TTT"), files these counterclaims for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and tortious interference with a business relationship against Plaintiffs Bluegreen Vacations Unlimited Inc. and Bluegreen Vacations Corp. (collectively, "Bluegreen" or "Counter-Defendants") and alleges as follows:

## INTRODUCTION

1.     TTT is a timeshare exit company that engages licensed attorneys to assist timeshare owners who want to terminate their timeshare obligations when these owners have been unable to do so on their own, including the Bluegreen Owners referenced in Bluegreen's Complaint.  These Bluegreen Owners routinely have been misled by timeshare developers, who promise that the owners will receive benefits that never materialize, attempt to keep these owners paying ever-rising maintenance fees and other assessments.  Despite these Owners' personal medical, financial, and other mitigating circumstances, Bluegreen engages in a series of deceptive and unfair trade practices to deny these timeshare owners representation to seek relief from their growing timeshare burdens to Bluegreen's economic benefit and to the financial detriment of TTT.

2.     Bluegreen's deceptive and unfair trade practices are designed to keep timeshare owners on the hook to pay for more products and services that the owners often cannot use and cannot afford.  To keep these Owners hostage, Bluegreen uses bad-faith, obstructionist conduct designed to interfere with   TTT's contracts and Powers of Attorney with these owners.

39

Bluegreen's conduct includes, but is not limited to, its false and misleading statements that are directed in part at TTT and by promoting its own purported exit program that is designed not to help Bluegreen Owners but to put Bluegreen Owners even further into debt.

3.      Bluegreen's deceptive and unfair tactics have caused not only the owners harm, but also TTT through reputational injury, lost customers, refunds to customers, and lost prospective customers.

4.      In the Counterclaims, when TTT references the "Bluegreen Owners," it specifically references individuals who have purchased timeshare interests through Bluegreen, and subsequently engaged TTT's services to assist these Owners in terminating their timeshare interests.  TTT, through a contract and related Power of Attorney, acts as the agent of Bluegreen Owners for the purpose of attempting to legally terminate these Bluegreen Owners' timeshare contracts with Bluegreen.

## JURISDICTION AND VENUE

5.      The Court has supplemental jurisdiction over TTT's claims under 28 U.S.C. § 1367 because these state-law claims are so related to Bluegreen's claims that they form part of the same case or controversy.

6.      Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(1) because the Counter-Defendants both reside in and engaged in improper conduct in this judicial district. Additionally, a number of the Bluegreen Owners reside in Florida.

## THE PARTIES

7.      Counter-Plaintiff TTT is a Colorado limited liability company.  Its principal place of business is located in Greenwood Village, Colorado.

8.      Counter-Defendants Bluegreen Vacations Unlimited, Inc., and Bluegreen Vacations Corp. are both Florida corporations.  Bluegreen Vacations Unlimited, Inc., is a wholly-owned subsidiary of Bluegreen Vacations Corp.  Both entities' principal places of business are located in Boca Raton, Florida.

## **GENERAL ALLEGATIONS**

**A. *Timeshare Industry Practices and Bluegreen's Initial Sales to the Bluegreen Owners***

9.      The timeshare industry, including Bluegreen, thrives on hooking unsuspecting consumers to purchase timeshares by using high-pressure and deceptive sales tactics.  Once timeshare owners are hooked, they are subject to constantly increasing maintenance fees and other assessments from the resorts.  They are rarely, if ever, able to use the timeshare they purchased in the manner they anticipated without having to pay the timeshare developers more money.

10.      Bluegreen engages in these aggressive and deceptive sales tactics that pervade the timeshare industry.  Bluegreen entices prospective buyers into sales pitches with offers of free stays at Bluegreen properties, free meals at fancy restaurants, and other desirable offers.  Bluegreen initially tells the prospective customers that they will only need to view a sixty to ninety minute presentation, but will then keep the prospective buyers in presentations that often last as long as four to six hours, using high pressure tactics to not let the prospective buyers leave, all the while constantly pressuring them to sign a contract purchasing a timeshare.  Throughout the course of these presentations, the Bluegreen sales representatives make promises to the prospective owners that they know Bluegreen will not fulfill.

11.      For example, Bluegreen's sales representatives tell prospective owners that they will be able to access a wide variety of Bluegreen properties, that they easily will be able to book

vacations every year, and that they will be able to readily exchange their ownership "points" for use at Bluegreen resorts other than the resort at which they purchase their timeshare.

12.     In reality, the Bluegreen Owners can rarely, if ever, book a stay at a Bluegreen resort during a desirable vacation time under their original timeshare contract.   Often, the Bluegreen Owners will only be able to use the points granted in their initial contract to use the lowest level of resort during off-season times of year.   Sometimes, their points may not even be enough to book a Bluegreen resort at all.   Bluegreen resorts often are not available even when the Bluegreen Owners attempt to book a stay over a year in advance.

### B. *Bluegreen's Continued Attempts to Sell the Bluegreen Owners More and More*

13.     Instead of working with the Bluegreen Owners to deliver on the promises made in the initial sales meetings, Bluegreen representatives at every opportunity attempt to sell the Bluegreen Owners more points or additional timeshare interests—or both—when the Bluegreen Owners seek to enforce the representations made in the initial sales presentations.

14.     Bluegreen also requires the Bluegreen Owners to pay an additional fee if the Bluegreen Owners want to carry unused points over into the next year.   If the Bluegreen Owners do not pay the fee, their points are lost, even if the Bluegreen Owners were unable to book a stay that year through no fault of their own.

15.     Even if the Bluegreen Owners are able to book a stay at a Bluegreen resort, Bluegreen requires them to attend an "update meeting" upon arrival in order to access the amenities for which they have already paid annual fees and maintenance fees.   At these "update meetings," Bluegreen subjects the Bluegreen Owners to more high-pressure sales presentations and sales tactics like those used in the initial presentation.   Rather than providing the Bluegreen Owners an update, the meeting really is designed to induce the Bluegreen Owners to purchase more points.

16.     Bluegreen in these "update" presentations does not provide the Bluegreen Owners the full details of the additional points.  Instead, the additional points often are actually new timeshare interests that come with another set of annual fees and maintenance fees.

17.     Given how Bluegreen mistreats its customers, both during the initial sales pitch and throughout the time of ownership, high levels of customer dissatisfaction with Bluegreen can hardly be a surprise.  Surveys show that 80-85% of timeshare owners quickly regret their purchase.

18.     This dissatisfaction with their purchase of a timeshare, mistreatment by Bluegreen, and the perpetual nature of timeshares—both the unending nature of the contracts themselves and the never-ending increases in annual fees and maintenance fees—provide ample reason for timeshare owners to feel stuck, with no way out.

### C. *Rather than Help the Bluegreen Owners, Bluegreen Tries to Profit Even More*

19.     When Bluegreen Owners attempt to contact Bluegreen and seek relief from the ever-growing burdens of their timeshares, Bluegreen avoids the issue and instead attempts to upsell the owners more points in a false attempt to address the Owners' concerns.

20.     Bluegreen also tells the Bluegreen Owners that it does not have a deed-back program.  Instead, it suggests that the Bluegreen Owners attempt to sell their timeshare if they persist in seeking to terminate.  Bluegreen, however, knows that sales rarely happen because timeshares have little to no resale value.  The Bluegreen Owners that attempt to sell their timeshare interests rarely, if ever, succeed in doing so.

21.     Bluegreen refuses to assist Bluegreen Owners that have raised serious medical issues in seeking relief.  Bluegreen Owners with medical concerns as serious as leukemia, multiple sclerosis, and extensive back surgery receive no aid or assistance from Bluegreen.  These Owners' medical problems create significant additional life expenses and frequently leave the Bluegreen

Owners unable to travel.  Bluegreen, however, spares little sympathy for its customers that develop such difficulties.

22.     Bluegreen continues this pattern with the Bluegreen Owners who deal with unanticipated personal financial hardship, including loss of employment, becoming full-time caregivers for relatives, and becoming unemployable because of automobile or other accidents.

23.     Rather than making any real efforts to address tragic circumstances of the Bluegreen Owners, Bluegreen instead offers lip service to the Owners' plights with the real intention of upselling more points and keeping them in contracts they cannot afford.

24.     Frustrated by their own inability to address their personal circumstances or other concerns with their timeshares, the Bluegreen Owners turn to TTT to seek assistance in finding relief from the timeshare burdens that the Owners are no longer able to meet and timeshares they are often unable to use.

25.     Further, these Bluegreen Owners who engage TTT are frequently addressing extenuating personal circumstances that leave them unable to set aside the time to handle long phone calls with Bluegreen sales representatives or the protracted hurdles placed before them. These Bluegreen Owners often have to attend extensive personal medical appointments and treatments, provide full-time care for relatives in need, devote their full attention to handling lawsuits or seeking new employment, or addressing other personal circumstances.  Some other Bluegreen Owners are elderly and unable to handle the lengthy conversations with Bluegreen representatives or the protracted hurdles put into place by Bluegreen.

**D. *Bluegreen's False Promise of Its Own Purported Exit Program***

26.     As part of its scheme to line its own pockets, Bluegreen often refuses to engage with the Bluegreen Owners' lawful agent, TTT.  Bluegreen does so as part of its overarching

practice of pushing the Bluegreen Owners back into direct contact with Bluegreen, where Bluegreen will continue to refuse to provide relief that these Owners desperately need. Instead, Bluegreen will continue to attempt to upsell the Owners more points and additional timeshare interests.

27.     As part of its practice to force the Bluegreen Owners back into personal communication with Bluegreen and to prevent the Owners from engaging the services of an agent or attorney, Bluegreen states, in press releases and online promotional articles distributed by both Bluegreen and third parties, that timeshare exit companies that include TTT are a scam, that timeshare exit companies will only take the Bluegreen Owners' money, and that the exit companies will not work on the Bluegreen Owners' behalf. Bluegreen claims that timeshare exit companies generally engage in "abusive practices," provide services that "almost entirely consist of form letters asserting boilerplate claims that are meritless," and that timeshare exit companies make "false claims" that "result in loan defaults and unfavorable credit reporting." Bluegreen states in these promotions that it has "adopted a zero tolerance approach for dealing with false and abusive claims." *See, e.g.*,   https://ir.bluegreenvacations.com/company-news/detail/163/bluegreen-vacations-to-continue-zero-tolerance-strategy. Bluegreen further falsely states that timeshare exit companies, which necessarily includes TTT, will "ask you [the Bluegreen Owner] to pay significant sums in advance for these services, but never provide what they promise." *See, e.g.*, https://www.bluegreenvacations.com/talk-to-bluegreen-vacations-were-here-to-help.

28.     These statements, including that timeshare exit companies will "never provide what they promise," are meant to deceive the Bluegreen Owners and dissuade them from seeking the assistance from TTT or others that they so desperately need.

29.     Bluegreen makes these false and misleading statements knowing that they will interfere with TTT's contracts and Powers of Attorney with the Bluegreen Owners and damage TTT.

30.     To further its scheme to isolate the Bluegreen Owners, Bluegreen not only makes these false and misleading statements, but also gives the Bluegreen Owners false hope by directing the Owners to use Bluegreen's purported internal timeshare exit program: https://www.bluegreenvacations.com/talk-to-bluegreen-vacations-were-here-to-help.

31.     In this program, Bluegreen has little to no interest in letting the Bluegreen Owners out of their timeshare contracts.  Instead, Bluegreen again attempts to upsell these Bluegreen Owners, or Bluegreen will simply ignore those Bluegreen Owners.

**E.** ***TTT's Role on Behalf of Timeshare Owners***

32.     After the Bluegreen Owners realize they will not be able to obtain relief from Bluegreen, TTT steps in to assist.

33.     TTT operates under a contract and limited Power of Attorney with the Bluegreen Owners.   Redacted samples of a contract and Power of Attorney between TTT and a Bluegreen Owner are attached as Exhibits "A" and "B," respectively.  Relevant here, these contracts allow TTT to engage licensed attorneys to assist in the Bluegreen Owners' efforts to terminate their timeshare interests.

34.     Bluegreen is aware of TTT's relationship with the Bluegreen Owners through written notice to Bluegreen.

35.     Ideally, a negotiated termination of the timeshare interest is the preferred course of action, which may include additional payments from the Bluegreen Owners to Bluegreen, the surrender of any Bluegreen timeshare interests, or a combination of both.

36.     Contrary to Bluegreen's misrepresentations, TTT's practice is to advise the Bluegreen Owners of the potential consequences if they choose to stop payments to Bluegreen, which may include default of their timeshare contracts, damage to their credit scores, and litigation. Some timeshare owners, however, so desperately want out their ongoing payment obligations, that they choose to risk these consequences.  Simply put, there is nothing illegal with this choice.

37.      Also contrary to Bluegreen's misrepresentations, TTT keeps the Bluegreen Owners advised of any communications with Bluegreen that may impact the Bluegreen Owner, which may include progress in negotiations, the successful termination of the Owner's timeshare contract, or, if applicable, Bluegreen's threats of taking adverse action against a Bluegreen Owner. At all times, the Bluegreen Owner remains in charge of any decisions that impact them, for better or worse.  And, if Bluegreen Owners become dissatisfied with TTT during this process, they may seek and receive a refund from TTT.

## COUNT I: DECEPTIVE AND UNFAIR TRADE PRACTICES IN VIOLATION OF FLORIDA STATUTES §§ 501.201 *ET SEQ.*

38.     TTT adopts and realleges Paragraphs 1–37.

39.     This count is TTT's cause of action against Bluegreen for violation of Florida Statutes §§ 501.201 *et seq.*, Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

40.     As described in detail above, Bluegreen has engaged in deceptive and unfair trade practices that are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and that are likely to mislead the Bluegreen Owners.  Fla. Stat. § 501.204.

41.     TTT brings this Counterclaim as an aggrieved party under FDUTPA, Florida Statutes § 501.211, because Bluegreen's deceptive and unfair trade practices have caused TTT harm including reputational injury and lost customers.

42.     Bluegreen's deceptive and unfair trade practices detailed above occur in the conduct of trade or commerce.   Fla. Stat. § 501.203(8) (defining trade and commerce as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated.").

43.     The deceptive and unfair trade practices of which TTT complains are sufficiently connected to Florida to sustain a claim for relief under FDUTPA because Bluegreen's principal place of business is in Boca Raton, Florida; because Bluegreen engages in conduct detailed above in Florida; and because many Bluegreen Owners and Bluegreen-owned timeshare resort properties are located in Florida.

44.     As a direct and proximate cause of these deceptive and unfair trade practices, TTT has suffered harm, including reputational injury and lost customers.

45.     TTT's losses will continue to increase unless Bluegreen is permanently enjoined from continuing its deceptive and unfair trade practices.   Bluegreen's conduct, if not permanently enjoined, also will continue to cause irreparable harm to TTT by injuring TTT's relationships with its customers and preventing future customers from engaging TTT's services.

46.     Defendant TTT respectfully requests that the Court enter final judgment in its favor and against Bluegreen, for the following:

      a.   Actual damages,

      b.   Permanent injunctive relief preventing Bluegreen from engaging in the conduct complained of in this Counterclaim,

      c.   Attorneys' fees,

      d.   Costs,

e.   Pre- and post-judgment interest,

f.   And such other relief as the Court deems just and proper.

## COUNT II: TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

47.   TTT adopts and realleges Paragraphs 1–37.

48.   This counterclaim is a cause of action for tortious interference with a business relationship against Bluegreen.

49.   TTT has, at all times relevant to this action, had a business relationship with the Bluegreen Owners by virtue of its contracts and Powers of Attorney with these Owners.

50.   Bluegreen has been aware of TTT's relationship with these Bluegreen Owners, including the Owners that reside in Florida.

51.   Bluegreen has engaged in intentional and unjustified interference, as detailed above, with TTT's relationship with the Bluegreen Owners.

52.   These actions have caused TTT harm, including reputational injury, lost customers and lost prospective customers.

53.   In committing this tortious interference, Bluegreen acted with knowledge of the wrongfulness of its actions and of the high probability of harm to both TTT and the Bluegreen Owners.   TTT is therefore entitled to an award of punitive damages under Florida Statutes § 768.72.

54.   Defendant TTT respectfully requests that the Court enter final judgment in its favor and against Bluegreen, for the following:

a.   Actual damages,

b.   Permanent injunctive relief preventing Bluegreen from engaging in the conduct complained of in this Counterclaim,

    c.  Punitive damages,

    d.  Attorneys' fees,

    e.  Costs,

    f.  Pre- and post-judgment interest,

    g.  And such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The TTT Defendants demand a jury trial under Federal Rule of Civil Procedure 38 on all issues and claims for which a jury trial is allowed.

## PRAYER FOR OVERALL RELIEF

WHEREFORE, the TTT Defendants respectfully request that the Court enter final judgment in their favor and against Plaintiffs, for the following:

a) Denial of Plaintiffs' requested relief for all Counts in the Complaint against the TTT Defendants;

b) Actual damages as to TTT's counterclaims;

c) Permanent injunctive relief preventing Bluegreen from engaging in the conduct complained of in TTT's counterclaims;

d) Punitive damages as to TTT's counterclaim for tortious interference;

e) Attorneys' fees;

f) Costs;

g) Pre- and post-judgment interest;

h) And such other relief as the Court deems just and proper.

Dated: June 14, 2021     Respectfully submitted,

         HOGAN LOVELLS US LLP
         600 Brickell Avenue, Suite 2700
         Miami, Florida 33131
         Telephone:  (305) 459-6500
         Facsimile:   (305) 459-6550

         Mark R. Cheskin, Esq.
         Fla. Bar No.: 143154
         mark.cheskin@hoganlovells.com
         Clayton J. Schmitt, Esq.
         Fla. Bar No.: 1024646
         clayton.schmitt@hoganlovells.com

         By:  /s/ *Clayton J. Schmitt*
             Clayton J. Schmitt, Esq.

         *Counsel for Defendants Timeshare Termination*
         *Team, LLC f/k/a Vindaloo Travel Network, LLC,*
         *Timeshare Termination Team LLC, Brian Wilbur,*
         *and Holly Wilbur*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June 14, 2021 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

         By:  /s/ *Clayton J. Schmitt*
             Clayton J. Schmitt, Esq.