UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
*et al.*,

    Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC, *et al.*,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR A FORENSIC ANALYSIS
OF MOLFETTA DEFENDANTS' ELECTRONIC MEDIA AND OTHER
DATA SOURCES, AWARDING PLAINTIFFS' REASONABLE FEES AND
COSTS, AND REQUIRING AN AMENDED PRIVILEGE LOG**

THIS CAUSE came before the Court upon Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation's (collectively "Plaintiffs" or "Bluegreen") Notice of Telephonic Discovery Hearing [D.E. 142]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 32]. The undersigned held a telephonic hearing on these matters on August 9, 2021 (hereafter, "Hearing"). In accordance with the undersigned's rulings at the Hearing, it is

ORDERED AND ADJUDGED as follows:

### I.  Forensic ESI & Document Collection

1. Plaintiffs motion for a third-party forensic collection and search of Molfetta Law, LLC and Michael A. Molfetta's ("Molfetta Defendants") ESI and documents is hereby **GRANTED**. This ruling is predicated on Molfetta Defendants' repeated failure to comply with

1

this Court's Orders at [D.E. 84] and [D.E. 119]. The Court orders this remedy as a sanction under Federal Rule of Civil Procedure 37(b).

2. By **August 27, 2021**, Molfetta Defendants shall engage Epiq Systems, Inc. ("Epiq") to conduct the forensic analysis detailed in this Order. Epiq shall be considered a neutral, third-party forensic examiner and shall not be deemed an agent, representative, or expert of either Plaintiffs or Molfetta Defendants, except that Molfetta Defendants shall contract directly with Epiq regarding the work to be performed pursuant to this Order. Epiq's work in connection with this Order shall not be deemed the work product of either party. However, Epiq shall execute an acknowledgement of a court-approved Confidentiality Agreement, which shall be submitted to the Court for approval by August 27, 2021. Epiq shall start its work on the forensic analysis detailed in this Order **as soon as practicable**.

3. On or before **September 1, 2021**, Molfetta Defendants shall serve on Plaintiffs and Epiq a document providing the following information:

    a. A list of all employees who have been employed by Molfetta Law, LLC at any point during the period from January 1, 2018, to the present who were involved in any way with Molfetta Law's timeshare-related work. To the extent these individuals have not been placed on a litigation hold, this should be done **immediately**.

    b. A list of the type and location of physical data storage devices used by each such employee within the scope of their employment, including servers, computers, tablets, cell phones or smart phones, USB drives or other external storage devices, or other similar devices.

      c.      A list of the type and location of all non-electronic files, documents, or records, used or held by any such employee within the scope of their employment, including physical files, customer information, or other printed or non-electronic records or information.

      d.      A list of all software applications used by each such employee within the scope of their employment, including text messaging or other ephemeral messaging applications, e-mail applications, custom software applications or databases, word processing or other office-based applications, or other similar applications.

      e.      A list of all third-party services or applications used by Molfetta Law, LLC, including cloud hosting services, e-mail hosting services, data storage services, third-party teleconference or communications services, or other similar services. Molfetta Law, LLC is specifically ordered to disclose the name of its e-mail hosting service (i.e., Microsoft Exchange, Gmail, self-hosted, etc.). To the extent Molfetta Law, LLC has particular personnel that serve as its primary point of contact at any such third-party vendor, Molfetta Law, LLC shall disclose such person's name, address, e-mail address, and telephone number. To the extent any of these third parties have not been placed on a litigation hold, this should be done **immediately**.

4.      The following persons shall be custodians whose paper and electronic files will be searched pursuant to this Order: all individuals identified in response to paragraph 2a above and Michael A. Molfetta (each a "Custodian" and, collectively "Custodians"). As set forth below, additional custodians may be identified and, once so identified, each shall be deemed a

"Custodian" and each of their electronic and paper files will be searched pursuant to the terms of this Order.

5. By **September 1, 2021**, Molfetta Defendants' counsel shall interview each Custodian and identify and disclose to Plaintiffs any other custodians, potential sources of hard copy documents or ESI that are likely to contain relevant information, including shared ESI or hard copy documents (e.g., department files).

6. By **September 10, 2021**, the parties shall agree to the following: (a) a preliminary list of proposed search terms ("Search Terms") that Epiq will use to search for relevant information; (b) a reasonable procedure by which the Search Terms may be reasonably refined, if necessary; and (c) a suitable format for production, including the specific metadata fields to be provided. If the parties are unable to agree to the Search Terms, a procedure for reasonably refining the Search Terms, or a production format, then the parties shall **immediately** raise this issue with the Court.

7. By **September 3, 2021**, Epiq shall interview Molfetta Law, LLC's head of IT (or equivalent) to understand the architecture of Molfetta Law's computer systems and Molfetta Law's retention/backup procedures, and, within three business days of conducting this interview, shall provide a report to **both** Plaintiffs and Molfetta Defendants about Epiq's findings in this regard. Molfetta Law shall make its head of IT (or equivalent) available for Epiq to interview and shall make its head of IT (or equivalent) available to Epiq upon request until further order.

8. By **September 8, 2021**, Molfetta Defendants shall make available to Epiq all of the sources of Molfetta Defendants' ESI and documents that are relevant to this case ("Sources"), wherever located, including but not limited to the information responsive to paragraphs 2b–d above. Molfetta Defendants shall give Epiq reasonable access to these data sources during normal

4

business hours. For each Custodian's cell phone, smart phone, or tablet, the Custodian must have used the cell phone, smart phone, or tablet for business purposes and Epiq must determine (after interviewing Molfetta Law's head of IT (or equivalent)) that any ESI or documents available on the cell phone, smart phone, or tablet are not also fully retrievable from a common server. To the extent any source of ESI is hosted by a third-party (i.e., Dropbox, Google Drive, Salesforce, etc.), Molfetta Law shall provide to Epiq the appropriate administrator-level access to such services. Within three (3) business days of completing its collection from these Sources, Epiq shall provide a report to both Plaintiffs and Molfetta Defendants that identifies all of the Sources that Epiq collected.

9. By **September 29, 2021**, Epiq shall make a forensic image of all such electronic source identified in this Order. Epiq shall also scan all hard copy documents identified in paragraph 2c above.

10. By **October 13, 2021**, Epiq shall begin to run the Search Terms across all of the Sources collected. By **October 18, 2021**, Epiq shall report to the parties how many document hits resulted from each of the Search Terms. Within two (2) business days of receiving Epiq's report regarding the number of document hits that resulted from each of the Search Terms, the parties shall, if necessary, employ the procedure established pursuant to paragraph 5 to reasonably refine the Search Terms. Epiq shall then re-run any modified Search Terms across all of the Sources collected.

11. Promptly after Epiq has completed the search set forth in paragraph 9 and located the ESI and documents that contain the Search Terms ("Uncovered Documents"), Epiq shall, if possible, provide for the de-duplication of exact copies of the Uncovered Documents. As used in this Order, the phrase "exact copies" refers to documents that have identical MD5 or SHA1 hash

values. By **October 21, 2021**, Epiq shall provide the deduplicated Uncovered Documents to Mofetta Defendants' counsel for further review consistently with paragraph 12. Epiq shall not provide the Uncovered Documents to Plaintiffs without Molfetta Defendants' prior written authorization after Molfetta Defendants have reviewed the Uncovered Documents.

12.  Molfetta Defendants shall use the following procedure for reviewing and producing the Uncovered Documents. Molfetta Defendants shall provide to Epiq on or before **October 19, 2021**, a list of terms to use in a search for privileged documents. Upon review of the documents returned by this search, Molfetta Defendants may withhold from Plaintiffs any documents that it considers privileged or work product, in which case Molfetta Defendants shall create a privilege and redaction log ("Privilege Log") that complies with the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26(e)(2). If Molfetta Defendants contends that just a portion of a document is privileged, then it shall redact only that portion and produce the non-privileged portion of the document to Plaintiffs. Any redactions shall be clearly indicated on the face of the document and each page of the document form which information is redacted shall bear a designation that it has been redacted. All redactions must be logged on the Privilege Log. Molfetta Defendants may also apply appropriate confidentiality designations to the Uncovered Documents pursuant to the Stipulated Confidentiality Agreement, which shall be submitted to the Court pursuant to this Order. Molfetta Defendants shall not withhold documents from production for any other reason.

13.  By **November 3, 2021**, Molfetta Defendants shall produce to Plaintiffs: (a) all of the non-privileged Uncovered Documents, including any redacted documents; and (b) the Privilege Log identified in paragraph 11. Any motion to extend this deadline must be based on compelling reasons bordering on a genuine emergency. As outlined in paragraph 15 below, Molfetta Defendants and Epiq need to take steps necessary to make sure that the deadlines are met,

including, but not limited to, increasing the number of persons assigned to the project and/or increasing the hours or workload of those participating in the forensic analysis, collection, retrieval, review, and production.

14.     Molfetta Defendants shall pay all of Epiq's fees, costs, and expenses that Epiq incurs in connection with performing its work under this Order. Epiq predicts at this time that the cost of this project will be approximately $100,000.00. On or before **August 31, 2021**, Molfetta Defendants shall deposit $50,000.00 into an escrow account as directed by Epiq based on instructions from Epiq. Epiq shall provide written notice to Plaintiffs and Molfetta Defendants upon the clearing of these funds into escrow. Epiq shall bill its services against the amount held in escrow monthly and shall provide copies of monthly invoices to Plaintiffs and Molfetta Defendants. Should the balance in this escrow account fall below $10,000, Epiq shall notify Plaintiffs and Molfetta Defendants immediately. Under no circumstances should Epiq continue its work if the cost of such work would exceed the amount of funds remaining in the escrow account, absent further order of the Court. Should Epiq require additional funds to complete this project, Epiq should raise this issue with the parties, who in turn should raise the issue with the Court immediately. To the extent any funds remain in escrow at the conclusion of this project, Epiq shall reimburse such funds to Molfetta Defendants within three (3) business days.

15.     Epiq and Molfetta Defendants must staff this project sufficiently to meet the deadlines established in the Order. If they need to increase the number of persons assigned to the project or the number of hours worked in order to complete it on time, then they shall make those necessary arrangements. The Court understands that these arrangements may increase the cost of the project, but that consequence is the result of an inadequate collection process and is not something which Plaintiffs should be penalized for here.

16.     Epiq shall retain control and possession over the information gathered from Molfetta Defendants in case additional searches are required later in this case. Epiq shall bill such appropriate monthly storage, management, or hosting fees against the funds held in escrow pursuant to this Order.

17.     For purposes of this project, Epiq shall send all notices or reports required under this Order to: Alfred J. Bennington, Jr. (bbennington@shutts.com), Eric Christu (echristu@shutts.com), Glennys Ortega Rubin (grubin@shutts.com), B. Travis Brown (tbrown@shutts.com), and Omar Saleh, (osaleh@floridalegalconsulting.com).

## II.     Attorney's Fees

18.     Plaintiffs' request for an award of attorney's fees and costs is hereby **GRANTED**.

19.     Plaintiffs are awarded their reasonable attorney's fees and costs associated with the August 9, 2021 hearing, including costs incurred by the IT and support staff for Plaintiffs' counsel associated with receiving and importing the most recent production by Molfetta Defendants. These fees and costs are in addition to those awarded in the Order at [D.E. 119].

20.     Plaintiffs shall file their Statement of Reasonable Fees and Costs, which shall include the fees and costs awarded in the Order at [D.E. 119] and the reasonable fees and costs associated with the hearing resulting in this Order (including attorney's fees and any costs borne by the Plaintiff's litigation support personnel) on or before **September 15, 2021**.

## III.     Supplemental Privilege Log

21.     Plaintiffs' request for an order requiring Molfetta Defendants to amend the privilege log previously provided in this case is hereby **GRANTED**.

22. On or before **September 3, 2021**, Molfetta Defendants shall serve an amended privilege log for all documents withheld from production based on attorney-client privilege or work product up to August 9, 2021, that complies with the requirements of Local Rule 26(e)(2).

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 25th day of August, 2021.

                                                                                    _____
                                                                                    **ALICIA M. OTAZO-REYES**
                                                                                    **UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All Counsel of Record
All Unrepresented Parties