UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

      Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC,
*et al.*

      Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTIONS TO STRIKE DEFENDANTS BRIAN STEPHEN WILBUR AND HOLLY WILBUR'S AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Strike Defendants Brian Stephen Wilbur and Holly Wilbur's (together, the "Wilburs") Affirmative Defenses, ECF No. [162], ("Motion"). The Wilburs have failed to timely respond or request additional time in which to do so. The Court has carefully reviewed the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

**I.    BACKGROUND**

The Court assumes the parties' familiarity with the factual background in this case. The Wilburs were initially represented by counsel. On June 29, 2021, the Court granted the Wilburs' counsels' request to withdraw. *See* ECF No. [126]. Since the withdrawal of counsel, the Wilburs notified the Court that they intend to proceed *pro se* in this case. ECF Nos. [156], [157]. Despite the Court's instructions, *see* ECF No. [159], the Wilburs failed to respond to the Motion. Their failure to timely respond is sufficient reason to grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c). Nevertheless, the Court will consider the merits of the Motion.

## II.     LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (internal citations omitted).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005). Despite this discretion, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)).

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts in the Eleventh Circuit have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g. Moore v. R. Craig Hemphill Assocs.*, No. 3:13-CV-900-J-39, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-337-J-37, 2011 WL

Case 1:20-cv-25318-BB   Document 173   Entered on FLSD Docket 09/07/2021   Page 3 of 8

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

2938467, at *2-3 (M.D. Fla. July 21, 2011). Others have held that affirmative defenses are subject to less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See e.g., Sparta Inc. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) (denying in part plaintiff's motion to strike defendant's affirmative defenses because the affirmative defenses provided plaintiff with fair notice); *Ramnarine*, 2013 WL 1788503 at *1 (denying motion to strike affirmative defenses). The Eleventh Circuit has stressed that providing notice is the purpose of Rule 8(c) and it simply guarantees that the opposing party has fair notice of issues that may be raised at trial so that they are prepared to properly litigate the issues. *Id.* at *3.

As this Court has previously opined, the difference in the language between Rule 8(a) and (b) is "subtle but significant." *Northrop & Johnson Holding Co., Inc.*, 16-cv-63008-BLOOM/Valle, 2017 WL 5632041, at *2 (citing *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, *2 (S.D. Fla. June 12, 2017). While Rule 8(a) requires "a short and plaint statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). In plain terms, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162, at *2.

This Court has previously concluded that "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *See Northrop & Johnson Holding Co., Inc.*, 2017 WL 5632041, at *2; *Laferte*, 2017 WL 2537259, at *2; *Abajian v. HMSHost Corp.*, WL 1929134, *3 (S.D. Fla. Apr. 21, 2020); *S.E.C. v. 1 Global Capital LLC*, 331 F.R.D. 434 (S.D. Fla. 2019); *Longhini v. Kendall Lakes Office Park Condo Ass'n, Inc.*, No. 20-cv-23352-

BLOOM/Louis, 2020 WL 7074641, at *3 (S.D. Fla. Dec. 3, 2020). As noted by one district court, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterps., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Bus. Guides v. Chromatic Commc'ns Enterps., Inc.*, 498 U.S. 533, 540-41, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, No. 1:10-cv-2620-RWS, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011).

Even so, under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc.*, 2017 WL 5632041, at *3 (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. DISCUSSION

Plaintiffs move to strike the Second and Fourth Affirmative Defenses asserted by the Wilburs. The Court considers Plaintiffs' arguments in turn.

#### A. Second Affirmative Defense

Plaintiffs move to strike the Second Affirmative Defense on the basis that it is legally insufficient and inapplicable. The Second Affirmative Defense states as follows:

> Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiffs have fraudulently misrepresented the value of their services to the

> Bluegreen owners by falsely claiming that timeshare interests have resale value. Plaintiffs have also misrepresented their willingness to buy back timeshare interests from the Bluegreen Owners when the Bluegreen Owners wish to terminate their Timeshare Contracts and failed to fully disclose the perpetual financial obligations attendant to the Timeshare Contracts. Plaintiffs have further refused to honor provisions of the Timeshare Contracts at issue here, such as clauses allowing termination of timeshare interests by the Bluegreen Owners for hardship. Instead, Plaintiffs have continually attempted to sell the Bluegreen Owners additional timeshare interests with greater associated costs and fees while refusing to allow the Bluegreen Owners additional timeshare interests with greater associated costs and fees while refusing to allow the Bluegreen Owners to terminate or sell back their interests and refusing to communicate with the Bluegreen Owners' agents and attorneys. The false and misleading statements that Plaintiffs make promoting their own internal "exit" program and attempting to prevent the Bluegreen Owners from engaging a timeshare exit company harm the TTT Defendants by steering timeshare owners away from TTT, causing TTT to lose customers, and injuring TTT's reputation. Plaintiffs' requests for equitable relief are therefore barred by Plaintiffs' own conduct toward Bluegreen Owners, TTT, and other timeshare exit companies.
>
> Further, Plaintiffs have unclean hands because they have conspired with their competitors in the timeshare industry to coordinate filing simultaneous cases against TTT and other timeshare exit companies in an effort to drive timeshare exit companies out of business. Plaintiffs and their competitors seek to keep timeshare owners in their timeshare contracts at all costs, rather than allow timeshare owners to seek relief, either on their own or with the assistance of third-party exit companies and attorneys. Plaintiffs and their competitors have, simultaneously or nearly simultaneously, filed cases in Florida for the same causes of action against swathes of timeshare exit companies. In doing so, Plaintiffs violate the Sherman Act, 15 U.S.C. § 1, by working in concert with other timeshare developers to impose an unreasonable restraint on trade in the timeshare industry and force timeshare exit companies out of business. TTT has been directly harmed by Plaintiffs' bringing this action as part of this anticompetitive conspiracy.

ECF No. [123] at 34-35. Plaintiffs argue that this defense should be stricken because it is not directly related to the merits of the controversy between the parties, and the Wilburs do not point to an injury which they have personally suffered as a result of Plaintiffs' alleged actions. Therefore, Plaintiffs argue that the unclean hands defense is legally insufficient. The Court agrees.

The affirmative defense of unclean hands requires the proponent to show that (1) "the plaintiff's wrongdoing is directly related to the claim," and (2) that "the defendant was personally injured by the wrongdoing." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir.

2015). Here, the Second Affirmative Defense relates to injuries sustained by the Bluegreen Owners, and the conclusory allegations of harm to TTT Defendants generally do not otherwise support an injury to the Wilburs, especially where the specific harms alleged relate to only the Defendant entities – TTT. Similarly, the purported Sherman Act portion of the Second Affirmative Defense is asserted on behalf of TTT only, and not the Wilburs. As such, the Second Affirmative Defense fails to sufficiently set forth the connection between Plaintiffs' alleged wrongdoing and any of the claims asserted in this case. Accordingly, the Court will strike the Second Affirmative Defense.

### B.  Fourth Affirmative Defense

Plaintiffs argue that the Fourth Affirmative Defense should be stricken on the basis that it lacks factual support. The Fourth Affirmative Defense asserts that

> Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel. Plaintiffs' claims are waived to the extent that Plaintiffs chose not to assert a claim against any Bluegreen Owner for damages due to any Bluegreen Owner's alleged default. Where Plaintiffs have waived their rights against any Bluegreen Owner who allegedly defaulted, Plaintiffs cannot subsequently seek relief for the same harm against the TTT Defendants. Further, Plaintiffs are estopped from pursuing their claims to the extent that Plaintiffs have acquiesced to TTT's representation of any Bluegreen Owners whose timeshare contracts Plaintiffs have terminated. Plaintiffs acted willfully in choosing to terminate the timeshare contracts of Bluegreen Owners represented by TTT. TTT relied on that conduct and acquiescence to its own detriment, as TTT continues to assist Bluegreen Owners who seek to terminate their timeshares and incurs costs in doing so.

ECF No. [123] at 36. Plaintiffs argue first that the Wilburs fail to present any factual basis to indicate the relevance of the defense of waiver. The Court disagrees. Indeed, with respect to the theory of waiver, the Fourth Affirmative Defense provides Plaintiffs fair notice that the Wilburs contend that Plaintiffs have waived their claims to the extent that they did not assert any claims against the Bluegreen Owners for their alleged defaults. As the Court has previously held,

affirmative defenses are not subject to a heightened pleading standard, and therefore, should Plaintiffs require further factual detail, they are free to seek such facts through discovery. *See Jones v. Kohl's Dep't Stores, Inc.*, No. 15-CIV-61626, 2015 WL 12781195, at *3 (S.D. Fla. Oct. 16, 2015) (denying motion to strike noting that "[t]o the extent Plaintiff requires greater factual detail for these defenses, Plaintiff[ ]s may acquire those facts through discovery"). Accordingly, the Court will not strike the waiver portion of the Fourth Affirmative Defense.

Plaintiffs argue further that the Fourth Affirmative Defense improperly combines an explanation for acquiescence and estoppel, rendering the explanation conclusory and impossible to ascertain. Upon review, however, the Court does not read the acquiescence/estoppel portion of the Fourth Affirmative Defense as having been asserted on behalf of the Wilburs. Indeed, in the operative pleading, "TTT" is defined as "Timeshare Termination Team, LLC f/k/a Vindaloo Travel Network, LLC, d/b/a Timeshare Termination Team." *See* ECF No. [123] at 1. The pleading further defines all of the defendants, including the Wilburs, as "TTT Defendants." *Id*. The second portion of the Fourth Affirmative Defense refers specifically to TTT, not to TTT Defendants, and therefore does not include the Wilburs. Therefore, the Court need not strike the acquiescence and estoppel portion of the Fourth Affirmative Defense because it does not apply to the Wilburs.[1]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [162]**, is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

---

[1] The Court previously entered an order striking the TTT Defendant entities' pleadings, *see* ECF No. [155].

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 7, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record