UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

      Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC,
*et al.*

      Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTIONS TO STRIKE
CERTAIN OF DEFENDANTS MOLFETTA LAW, LLC AND MICHAEL A.
MOLFETTA'S AFFIRMATIVE DEFENSES AND TREAT OTHERS AS DENIALS**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Strike Certain of Defendants Molfetta Law, LLC and Michael A. Molfetta's Affirmative Defenses and Treat Others as Denials, ECF No. [277], (the "Motion"). Defendants Molfetta Law, LLC and Michael A. Molfetta (together, "Molfetta" or "Defendants") filed a Response, ECF No. [287], to which Plaintiffs filed a Reply, ECF No. [303]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### I.    BACKGROUND

The Court assumes the parties' familiarity with the factual background in this case. As a result of Defendants' alleged actions, Plaintiffs assert claims against Molfetta for contributory false advertising (Count IV), conspiracy to commit tortious interference with timeshare contracts (Count VII), and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count

IX). ECF No. [270]. In the Motion, Plaintiffs request that various of Defendants' asserted affirmative defenses be stricken or treated as denials.

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005). Despite this discretion, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). Moreover, "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Ali v. City of Clearwater*, 807 F. Supp. 701, 703 (M.D. Fla. 1992) (citations omitted).

As this Court has previously concluded, "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *See Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692 (S.D. Fla. 2020); *Ayca v. Seven C's Bldg. Maint., Inc.*, No. 1:20-cv-20224-BLOOM/Louis, 2020 WL 2513105, at *4 (S.D. Fla. May 15, 2020); *Abajian v. HMSHost Corp.*, No. 20-cv-60324, 2020 WL 1929134, *6 (S.D. Fla. Apr. 21, 2020) (collecting cases); *S.E.C. v. 1 Global Capital LLC*, 331 F.R.D. 434 (S.D. Fla. 2019. Even so, "'an affirmative

defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM/Valle, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III.  DISCUSSION

Plaintiffs move to strike the First, Second, Third, Fourth, Eighth, Ninth, Tenth, Sixteenth, Eighteenth, Nineteenth, Twentieth, Twenty-Fourth, Twenty-Fifth, Twenty-Sixth, Twenty-Seventh, Thirty-First, and Thirty-Second Affirmative Defenses asserted by Molfetta.[1] Plaintiffs argue that the defenses generally are conclusory, legally insufficient, duplicative, or redundant. In addition, Plaintiffs request that the Court treat as denials the Twenty-Third, Twenty-Ninth, Thirtieth, Thirty-Third, Thirty-Fourth, Thirty-Fifth, Thirty-Sixth, Thirty-Seventh, Fortieth, Forty-First, Forty-Second, Forty-Third, Forty-Fourth, and Forty-Fifth Affirmative Defenses.

#### A.  Requests to Strike

##### i.   Agency Defenses

Plaintiffs move to strike the First (Fraud, Duress, Unfair Practices), Eighth (Acting as a Lawyer), Twentieth (Economic Privilege), Twenty-Fourth (Illegality of Contract), and Twenty-Seventh (Exercise of Contractual Rights) Affirmative Defenses as duplicative or redundant of the

---

[1] Plaintiffs contend that the Court should also strike the Seventeenth Affirmative Defense, yet they make no argument specifically with respect to it. Accordingly, the Court will assume Plaintiffs are not seeking to strike the Seventeenth Affirmative Defense.

Seventh Affirmative Defense (Agent's Privilege). Plaintiffs contend that each of these defenses states in essence the same—namely that Molfetta should not be held liable because their conduct was done as an attorney or agent for their clients, the Bluegreen Owners. In response, Molfetta disagrees with Plaintiffs' characterization and argue that each of the defenses places into issue different substantial legal and factual questions.

Upon review, Plaintiffs fail to set forth a sufficient basis to warrant the drastic remedy of striking. Indeed, "the standard for striking a defense is extremely high." *Gen. Defense Corp. v. Restorick*, No. 08-60537-CIV-JORDAN, 2008 WL 11417688, at *2 (S.D. Fla. Nov. 3, 2008) (citation omitted). Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing *Augustus*, 306 F.2d at 868)). Here, the defenses that Plaintiffs contend are redundant or duplicative "agency" defenses raise separate issues, and therefore, the Court does not agree that striking is warranted.

    **ii.   Antitrust Defenses**

The Second Affirmative Defense states:

> Bluegreen's claims fail and are barred because Bluegreen seeks relief which would impermissibly prevent Mofetta from engaging with, counseling, and representing timeshare owners in restraint of trade and in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, et seq.

Similarly, the Third Affirmative Defense states:

> Bluegreen's claims fail and are barred because Bluegreen seeks relief which would impermissibly prevent Molfetta from engaging with, counseling, and representing timeshare owners in restraint of trade and in violation of the Clayton Act, 15 U.S.C. § 12, et seq.

Plaintiffs argue that the Second and Third Affirmative Defenses should be stricken because there are no other facts to support or explain the applicability of such defenses in this case. Molfetta responds that the defenses are adequately pleaded. Upon review, the Court agrees with Molfetta. Plaintiffs have not demonstrated that the defenses are patently frivolous or invalid as a matter of law, *see Microsoft Corp.*, 211 F.R.D. at 683. Indeed, the Court previously rejected a similar argument made by Plaintiffs in this case and declines the invitation to do so again now. *See Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team, LLC*, No. 20-cv-25318, 2021 WL 2476488, at *7 (S.D. Fla. June 17, 2021).

### iii. Unclean Hands

The Fourth Affirmative Defense asserts that Bluegreen's claims fail under the doctrine of unclean hands and details its allegations in support of the affirmative defense. *See* ECF No. [273] at 22-23. Plaintiffs contend that this defense fails to set forth sufficient facts to put Bluegreen on notice and is legally irrelevant to this case. In addition, Plaintiffs argue that to the extent that the defense asserts damage to third parties, it should be stricken. Molfetta responds that the defense should not be stricken because it relates to the claims in this case and alleges injuries to Molfetta, not any third parties.

Upon review, Plaintiffs fail to persuade the Court that this defense should be stricken. Indeed, unlike the other Defendants' attempts to assert the unclean hands defense in this case, Molfetta adequately alleges personal harm, rather than injury to any third party. In addition, the Court does not find that the allegations are insufficient to put Plaintiffs on notice. As the Court has previously opined, affirmative defenses are not subject to a heightened pleading standard and the Court will not strike the Fourth Affirmative Defense.

### iv. Legal Advice/Due Process Defenses

The Ninth Affirmative Defense – Legal Advice states:

> To the extent that Bluegreen's claims against Molfetta are premised upon Molfetta's interactions with and advice to timeshare owners who Molfetta represent, such interactions and advice are privileged and cannot form a legally cognizable basis for the claims against Molfetta.

ECF No. [273] at 25. The Tenth Affirmative Defense – Due Process states:

> Bluegreen's claims fail, in whole [or] in part[], because the relief requested would violate Molfetta's due process rights under the United States Constitution and the Constitution of the State of Florida. Bluegreen's allegations center on what Molfetta and the Bluegreen Owners allegedly discussed in their privileged communications. The allegations put Molfetta in the impossible position of having to defend what was said between Molfetta and its clients without being able to use what was said between Molfetta and its clients, absent waivers, violating Molfetta's due process rights, and also harming the clients.

*Id*.

Plaintiffs argue that the Ninth and Tenth Affirmative Defenses should be stricken because they raise an evidentiary privilege, are patently frivolous, and duplicative. Molfetta responds that the defenses are not duplicative, and argues that in permitting Plaintiffs' claims to proceed, the Court would be depriving Molfetta of due process rights.

Upon review, the Court does not agree that the Ninth Affirmative Defense should be stricken. Although Plaintiffs argue that "Legal Advice" is not recognized as an affirmative defense, Plaintiffs cite no case law for the proposition. And courts do not appear to be in agreement. On the one hand, Florida courts acknowledge "advice of counsel" as an affirmative defense, *see Corner Land, LLC v. Annex Indus. Park, LLC*, 275 So. 3d 777, 781 (Fla. 3d DCA 2019) ("[I]t was not error to permit Annex to introduce testimony regarding the effect the stay orders had on the legal advice Annex received, particularly in light of Annex's affirmative defense of advice to counsel"); *Teachers Ins. Co. v. Loeb*, 75 So. 3d 355, 357 (Fla. 1st DCA 2011) ("Moreover, Petitioner did not

plead an affirmative defense of advice of counsel in this bad faith action"), while courts in this District appear to be split. *See S.E.C. v. Wall St. Cap. Funding, LLC*, No. No. 11-20413-CIV, 2011 WL 2295561, at *7 (S.D. Fla. June 10, 2011) ("Defendants have asserted the advice of counsel defense as an affirmative defense"); *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1350 (S.D. Fla. 2008) (finding that the advice of counsel defense was not waived by failing to plead it in the answer, and noting that "even were advice of counsel an affirmative defense within the meaning of Rule 8(c), Defendants could seek leave of court to amend their answer."). As such, Plaintiffs do not persuade the Court that the drastic remedy of striking the Ninth Affirmative Defense is warranted.

However, the Tenth Affirmative "due process" Defense is properly stricken. Molfetta has not pointed the Court to any authority recognizing the defense as they assert it, and the Court has found none. Indeed, the argument that the Court should recognize the defense as Molfetta explains it—in essence that allowing this case to proceed would constitute a deprivation of Molfetta's due process rights *by the Court*—is specious. As such, the Court finds this defense to be patently frivolous and it is stricken

      **v.    Accord and Satisfaction**

Plaintiffs argue that the Sixteenth Affirmative Defense, which asserts an accord and satisfaction, should be stricken as inapplicable because Defendants are trying to invoke it with respect to superseding agreements between Plaintiffs and the Bluegreen Owners, who are not parties in this case. While the defense may not ultimately apply in this case, and Molfetta's theory may be flawed, striking is not warranted. Accord and satisfaction is a valid affirmative defense, and Plaintiffs have not shown that it has no possible relation to this case, or that they are prejudiced.

### vi. Waiver, Acquiescence, and Estoppel

Plaintiffs move to strike the Eighteenth and Nineteenth Affirmative Defenses on the basis that they improperly conflate multiple defenses, are duplicative, patently frivolous, and fail to allege sufficient facts. Upon review, the Court does not find that striking is warranted. Affirmative defenses are not subject to a heightened pleading standard, Plaintiffs do not demonstrate any prejudice, nor does the Court find that the defenses as asserted fail to put Plaintiffs on notice of the nature of the defenses.

### vii. Legal Act Defense

The Twenty-Fifth Affirmative Defense states that "Bluegreen's claims fail, in whole or in part, to the extent that they are predicated on an act legal in and of itself. When one does an act which is itself legal, even where there is malice or bad motive, there can be no recovery for the doing of the legal act." ECF No. [273] at 28. Plaintiffs move to strike this defense on the basis that it is not recognized as an affirmative defense and provides no explanation of its relevance in this case. Upon review, however, striking is not warranted. To the extent that this defense constitutes a denial of Plaintiffs' claims, the Court will treat it as such.

### viii. First Amendment Defense

The Twenty-Sixth Affirmative Defense states that

> Bluegreen's claims fail as a matter of law because this Court lacks jurisdiction to adjudicate Bluegreen's claims to the extent that doing so would impermissibly require this Court to interfere with, restrict, or abridge Molfetta's free speech protections afforded under the First Amendment to the United States Constitution [or] the Constitution of the State of Florida.

*Id*. Plaintiffs argue that this defense should be stricken because it is legally inapplicable, and does not provide sufficient facts, such as identifying the constitutionally protected speech. Upon review,

however, whether or not Plaintiffs' claims implicate protected speech is an issue of fact. As such, the Court does not agree that striking the affirmative defense is warranted.

### ix. FDUTPA Exemption Defense

The Thirty-First Affirmative Defense state that "Bluegreen's FDUTPA claims fail as a matter of law because Molfetta's conduct – representation of and zealous advocacy for its client – is exempt under § 501.212(1), as an 'act or practice required or specifically permitted by federal or state law.'" *Id*. at 29. Plaintiffs argue that this defense should be stricken because it is not adequately stated and legally irrelevant to this case. However, Plaintiffs do not contend that the defense fails to put them on notice of nature of the defense. As such, the Court will not strike it.

### x. Good Faith Defense

The Thirty-Second Affirmative Defense asserts that "Bluegreen's claims fail, in whole or in part, because Molfetta's actions were undertaken in good faith." *Id*. Plaintiffs argue that this defense should be stricken because it is inapplicable and conclusory. The Court does not agree that striking is warranted. To the extent that this defense constitutes a denial of Plaintiffs' claims, the Court will treat it as such.

### B. Requests to Treat Defenses as Denials

Finally, Plaintiffs request that the Court treat the Twenty-Third, Twenty-Ninth, Thirtieth, Thirty-Third through Thirty-Seventh, and Fortieth through Forty-Fifth Affirmative Defenses as denials. Molfetta responds that several of these defenses are properly asserted as affirmative defenses. Whether or not these defenses are true affirmative defenses, at a minimum, they serve to put Plaintiffs on notice of the defenses that Defendants intend to raise against Plaintiffs' claims. *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013). Indeed, "the proper remedy when a party mistakenly labels a denial as an

affirmative defense is not to strike the claim but instead to treat it as a specific denial." *Id*. Thus, to the extent these defenses are not true affirmative defenses, the Court will treat them as denials.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [277]**, is **GRANTED IN PART AND DENIED IN PART**, and the Tenth Affirmative Defense is stricken with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 26, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record