**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-25318-BLOOM/Otazo-Reyes**

BLUEGREEN VACATIONS UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

      Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC,
*et al.*

      Defendants.

_____/

## ORDER ON OBJECTION TO MAGISTRATE'S ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Objection to Magistrate's Order Waiving All Objections to Molfetta's First Request for Production, ECF No. [375] ("Objection"). Defendants Michael Molfetta and Molfetta Law, LLC (together, "Molfetta Defendants") filed a Response, ECF No. [384], to which Plaintiffs filed a Reply, ECF No. [386]. The Court has carefully considered the Objection, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Objection is overruled.

### I.      BACKGROUND

On April 5, 2022, Molfetta Defendants sent their First Request for Production ("RFP") to Plaintiffs via email to five of their counsel of record. ECF Nos. [375-3], [384-1]. According to the applicable rules of procedure, Plaintiffs' responses to the RFP were due on May 5, 2022. After Plaintiffs failed to file any responses or request an extension of time in which to do so, Molfetta Defendants contacted Plaintiffs about the RFP on May 23, 2022. *See* ECF Nos. [375-4], [384-2] at 3. In that correspondence, Molfetta Defendants expressed their belief that any objections to the

RFPs would be waived as a result. *Id*. On May 25, 2022, Plaintiffs served their responses and objections to the RFP. *See* ECF Nos. [375-5], [384-3].

On July 6, 2022, Molfetta Defendants filed a Notice of Telephonic Discovery Hearing, ECF No. [354], in which they identified a disagreement between the parties with respect to waiver of any objections and the timeliness of Plaintiffs' production. At the July 25, 2022 hearing, Plaintiffs argued that the RFP were not properly served. ECF No. [375-1] at 6. Plaintiffs also argued that even when there is technical non-compliance with a discovery deadline, in the absence of any showing of prejudice to the requesting party, objections should not be deemed waived. United States Magistrate Judge Otazo-Reyes rejected Plaintiffs' arguments, deemed Plaintiffs' objections to the RFP to be waived, and ordered Plaintiffs to serve amended response without objections, and to continue to produce documents on a rolling basis, with the production to be completed no later than thirty (30) days from the date of her order. *See* ECF Nos. [359] ("Order"), [375-1] at 10.

In the Objection, Plaintiffs argue that the Order should be set aside as an improper application of law because it evidences inequity between rulings and overlooks the merit of the cause for the inadvertent delay.

## II.    LEGAL STANDARD

Pursuant to this Court's Local Magistrate Judge Rules, a district judge may overrule a magistrate judge's discovery ruling upon finding that it is "clearly erroneous or contrary to law." S.D. Fla. L. Mag. R. 4(a)(1); *see* Fed. R. Civ. P. 72(a) (district judge "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015). A finding is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed.'" *Malvaes v. Constellation Brands, Inc.*, No. 14-21302-civ, 2015 WL 3863639, at *1 (S.D. Fla. June 22, 2015) (quoting *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005)). "'In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge.'" *Wausau Underwriters Ins. Co.*, 310 F.R.D. at 690 (quoting *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012)).

The "'clearly erroneous' review is very different from the *de novo* review and adoption of a Report and Recommendation on a dispositive Order, and more closely resembles an appellate function." *Combs v. Town of Davie*, No. 06-60946-CIV-COHN/SNOW, 2007 WL 676102, at *2 (S.D. Fla. Feb. 28, 2007). A magistrate judge is afforded broad discretion as to discovery matters, and reversal of a magistrate's discovery-related order is appropriate only where that discretion is abused. *See Ellis v. United States*, No. 3:15-cv-1078-J-34JBT, 2016 WL 1658706, at *2 n.3 (M.D. Fla. Apr. 27, 2016) (citing *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views on the issue." *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2007 WL 4592267, at *1 (S.D. Fla. Dec. 28, 2007); *see Batista v. Nissan N. Am., Inc.*, No. 14-24728-Civ-Scola, 2015 WL 10550409, at *1 (S.D. Fla. Dec. 8, 2015) ("The district court may not undo the magistrate judge's determination simply because it is convinced that it would have decided the case differently." (internal quotations omitted)). "This standard has been described as a very difficult one to meet." *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357, 2012 WL 4192987, at *2 (S.D. Fla. 2012) (internal quotations omitted).

"A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis*, 2016 WL 1658706, at *1 (quotations omitted). In the Eleventh Circuit, "the 'contrary to law' standard [is] more deferential than *de novo* review." *Id.* at *1 n.3 (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981)[1] ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a *de novo* determination as are a magistrate's proposed findings and recommendations."); *see also Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393-J-34JRK, 2015 WL 1418718, at *1 n.4 (M.D. Fla. Mar. 27, 2015). However, "'application of an improper legal standard . . . is never within a court's discretion.'" *Dulaney v. Miami-Dade Cnty.*, No. 09-23259-CIV, 2011 WL 382773, at *1 (S.D. Fla. Feb. 2, 2011) (quoting *Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002)). Through this lens, the Court reviews Plaintiffs' Objection.

## III.   DISCUSSION

Plaintiffs argue that the Order is contrary to law because Judge Otazo-Reyes misapplied the Local Rules, Rule 34 of the Federal Rules of Civil Procedure, and case law governing waiver and calendaring oversight. Plaintiffs also argue that the Order is clearly erroneous and was an abuse of discretion.[2] Molfetta Defendants respond that Judge Otazo-Reyes correctly applied the Local Rules and Rules of Civil Procedure and considered the relevant factors in reaching her conclusion.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

[2] Plaintiffs also assert that Molfetta Defendants' request for relief was untimely, but they failed to raise that argument before Judge Otazo-Reyes. As such, the Court does not consider it here.

### A.  Judge Otazo-Reyes did not misapply the Local Rules

Plaintiffs argue first that Judge Otazo-Reyes misapplied Local Rule 5.1(e) in finding no merit to their argument that the RFPs were not properly served. According to Plaintiffs, the Local Rules require that all attorneys must be served at every email address designated in CM/ECF, attaching an example of a Notice of Electronic Filing showing additional email addresses associated with Plaintiffs' counsel to which the RFP was not sent. *See* ECF No. [375-7]. Upon review, the Court disagrees with Plaintiffs' proffered interpretation.

Local Rule 5.1(e) states as follows:

> **Consent to Service**. Registration as an electronic filing user pursuant to Southern District of Florida CM/ECF Administrative Procedures §3B constitutes consent to receive service electronically pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49 and waiver of any right to receive service by any other means. Service of papers required to be served pursuant to Fed. R. Civ. P. 5(a) and Fed. R. Crim. P. 39 but not filed, such as discovery requests, may be made via email to the address designated by an attorney for receipt of notice of electronic filings.

S.D. Fla. L.R. 5.1(e). While this Local Rule specifies that registration by an attorney on CM/ECF constitutes consent to email service, the Rule does not state that service of discovery requests must be made on every single email address associated with each attorney. Indeed, the Local Rule states permissively that service *may* be made to *the* address designated by an attorney for receipt of notice of electronic filings. In addition, while the Notice of Electronic Filing may show additional email addresses to which notice is electronically mailed, the docket sheet on CM/ECF lists only the emails for each attorney.

Similarly, Plaintiffs' argument that service of the RFP was ineffective because not every attorney was sent the RFP also lacks merit. At the hearing before Judge Otazo-Reyes, Plaintiffs confirmed that they had received the RFP via email:

> THE COURT: None of the attorneys had looked at their emails apparently or noticed this request and so your objection for the improper service is that the assistants were not included, correct? Not that you all didn't get it, right?
>
> MR. LEGER:  Right. To be specific, it is that Nelson Mullins didn't include on the email service all of the same email addresses that would have been included on the regular CM/ECF filings.
>
> THE COURT: But they did send it to the attorneys and apparently the attorneys just missed it, right?
>
> MR. LEGER: That's right, your Honor. We did receive it, but because it didn't include the people who would do the calendaring, it was not calendared.

ECF No. [375-1] at 8. Even if Molfetta Defendants had served the other attorneys, Plaintiffs have not indicated that *those* individuals included "the people who do the calendaring." Accordingly, Judge Otazo-Reyes did not misapply or misinterpret Local Rule 5.1(e) in determining that Plaintiffs' argument regarding the sufficiency of service is entirely devoid of merit.

### B.  Judge Otazo-Reyes did not misapply Rule 34 or case law

Plaintiffs argue next that Rule 34, which governs requests for production, does not contain an explicit provision providing for waiver of objections resulting from failure to timely serve. As such, Judge Otazo-Reyes should have at least considered whether good cause might have precluded waiver. The Court disagrees.

While Rule 34 may not contain a provision waiving objections when requests for production are not timely objected to, the Local Rules unequivocally do:

> Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. **Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, _shall_ be waived**.

S.D. Fla. L.R. 26.1(e)(2)(A) (emphasis added). The plain language of the Local Rule indicates that the failure to timely object results in waiver. Moreover, "[c]ourts in this District generally find that

6

failure to timely respond to discovery requests results in waiver of any objections." *Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 666 (S.D. Fla. 2015) (citations omitted).

In addition, the Local Rule does not contain a good cause exception, nor do Plaintiffs point to any authority requiring the Court to undertake such an inquiry in these circumstances. Even if the Court were to consider good cause, the Court would not find it here. Plaintiffs rely upon *Bivins v. Rogers*, No. 15-cv-81298-MARRA/MATTHEWMAN, 2016 WL 10571036, at *1-2 (S.D. Fla. Dec. 16, 2016), and contend that waiver is not warranted where there is calendaring oversight. However, the Court does not find *Bivins* to be analogous or persuasive. In *Bivins*, the discovery was sent via email to the plaintiff's attorney with an insufficiently detailed subject line. 2016 WL 10571036, at *2. The plaintiff argued that the failure to respond was due to excusable neglect. *Id* at *1. Here, Plaintiffs have made no such argument, contending instead that service of the RFPs was ineffective, and therefore, no obligation to respond to the RFPs attached. But Plaintiffs do not dispute that they received the RFPs, and the Court agrees with Judge Otazo-Reyes that "this business of not including the secretaries is no excuse." ECF No. [371-1] at 10.

Although Plaintiffs disagree with Judge Otazo-Reyes's conclusion, it is not clearly erroneous or contrary to law.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Objection, **ECF No. [375]**, is **OVERRULED**.

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida on October 17, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record