UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

    Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC,
*et al.*

    Defendants.
_____/

### ORDER ON PLAINTIFF'S MOTION TO STRIKE PORTION OF EXPERT REPORT AND PRECLUDE TESTIMONY OF PHILIP J. SCHECHTER, CPA/ABV, CVA

**THIS CAUSE** is before the Court upon Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation's (together, "Plaintiffs" or "Bluegreen") Motion to Strike Portion of Expert Report and Preclude Testimony of Philip J. Schechter, CPA/ABV, CVA, ECF No. [409] ("Motion"), filed on October 18, 2022. Defendants Michael Molfetta and Molfetta Law, LLC (together, "Defendants") filed a Response, ECF No. [414], to which Plaintiffs filed a Reply, ECF No. [419]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied at this juncture.

In the Motion, Plaintiffs request that the Court strike a portion of the report of Philip J. Shechter, CPA/ABV, CVA ("Shechter"), pursuant to Rules 26(a)(2)(B) and 37(c)(1), Federal Rules of Civil Procedure. Specifically, Plaintiffs argue that the portion of Shechter's report related to deductible costs attendant to calculating disgorgement damages should be stricken and he should be precluded from testifying regarding such costs because they are a "placeholder," as Shechter

does not provide a method for calculating costs or the amounts to be deducted. According to Plaintiffs, Shechter will rely on analysis of costs in servicing Bluegreen owners provided by an outside consultant, Pat Mawhinney.

Defendants respond that (1) the Motion is based on speculation of what Shechter's opinion may be once Defendants complete their cost calculation and Shechter amends his report; (2) the Motion is premature and does not establish the prejudice necessary to warrant striking because Plaintiffs have not deposed Shechter and are aware of Mawhinney; and (3) that any failure by Shechter to provide additional information is substantially justified because several topics designated by Plaintiffs for Molfetta Law's 30(b)(6), including revenues and accounting information, have not yet been covered at deposition.

Upon review, Plaintiffs' challenge to Shechter's report takes issue with his methodology, and is therefore more properly addressed by way of a *Daubert* motion. To determine whether expert testimony or any report prepared by an expert may be admitted, the court must engage in a three-part inquiry, which includes whether: (1) the expert is qualified to testify competently regarding the matters the expert intends to address; (2) the methodology by which the expert reaches his or her conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). Indeed, Plaintiffs appear to recognize as much in their Reply, in which they clarify that "the entirety of the Report *will be* challenged at the appropriate time [.]" ECF No. [419] at 2 (emphasis added). Pursuant to the provisions in the Scheduling Order, which remain in effect, the parties are limited to filing one *Daubert* motion, and which are due to be filed by December 21, 2022. *See* ECF Nos.

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

[32] at 2, [335]. Thus, Plaintiffs may properly raise their challenges to Shechter's report and opinions, as well as to any other expert, in a *Daubert* motion that complies with the requirements set forth in the Scheduling Order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [409]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 28, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record