**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 20-cv-25318-BLOOM/Otazo-Reyes**

BLUEGREEN VACATIONS UNLIMITED, INC., *et al.*,

Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC, *et al.*,

Defendants.
______________________________________/

**EXPEDITED MOTION PURSUANT TO RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO DEFER TIME TO RESPOND TO MOLFETTA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Bluegreen Vacations Corporation and Bluegreen Vacations Unlimited, Inc. (together, "Bluegreen"), pursuant to Rule 56(d) and Local Rule 7.1, hereby move for the entry of an expedited order permitting Bluegreen an additional fourteen (14) days to respond to the Motion for Summary Judgment [ECF No. 457] and the supporting Statement of Material Facts [ECF No. 456] (together, the "MSJ") filed by Defendants, Molfetta Law, LLC and Michael Molfetta, Esq. (the "Molfetta Defendants") based on Bluegreen's discovery within the last twenty-four hours of voluminous, highly relevant information that was not properly produced by the Molfetta Defendants during the course of discovery.[1] In support, Bluegreen states as follows:

---

[1] Bluegreen is not seeking an extension of its response to any other pretrial motions, including *Daubert* motions or motions in limine.

## EXPEDITED NATURE OF THE MOTION

This Motion is expedited because the deadline for Bluegreen to respond to the MSJ is today, January 13, 2023, and as described below, is based on materials that were received by Bluegreen just yesterday afternoon. With apologies to the Court for requesting a ruling on such a brief timeframe (and in lieu of filing the Motion as an emergency), Bluegreen requests a ruling on this Motion by **5:00 p.m. today, January 13, 2023**.

## FACTUAL BACKGROUND

To cut to the chase given the nature of this Motion and the time-sensitive aspects, Bluegreen, yesterday afternoon on January 12, 2023, obtained from parties other than the Molfetta Defendants a large number of text messages involving the Molfetta Defendants that were responsive to Bluegreen's discovery requests, but were never produced by Molfetta Defendants. *See* [Ex. 1, ¶ 7] (Declaration of Michael Quinn, Esq.). The text messages go back over two years and contain communications involving TFG and Molfetta Defendants that both pre- and post-date the filing of this lawsuit.[2] [Ex. 1, ¶ 14]. These text messages bear directly on the issues of what Molfetta Defendants knew and when, [Ex. 1, ¶¶ 15, 18], which is part and parcel of Molfetta Defendants' MSJ. *See*, *e.g.*, [ECF No. 457, p. 13, 14] (arguing that Bluegreen lacks evidence regarding whether Molfetta Defendants had "the requisite state of mind," arguing that TFG did not "manifest the required specific intent to procure breach generally"). For example, the text messages bear on Molfetta Defendants' participation in TFG's scheme, including at least one text message where Molfetta Defendants tell TFG that Molfetta turned TFG "I made timeshare freedom

[2] This topic is separately the subject of a sanctions motion and hearing currently set before Magistrate Judge Otazo-Reyes on January 19, 2023. [ECF No. 469].

group legit not some Ponzi scheme it's legit," and that "Harold Miller sitting in his underpants in an apartment just sending form letters every few months doing absolutely nothing was ridiculous." [Ex. 1, ¶ 18]. The documents also include a large number of emails from the relevant timeframe. [Ex. 1, ¶ 19].

Also notable, Bluegreen's counsel was informed by the same non-party that provided production of the materials that Molfetta Defendants' counsel requested that she stop providing materials to Bluegreen's counsel. [Ex. 1, ¶ 12]. Such a request is patently improper[3] and obstructed Bluegreen's earlier access to the information that is the subject of this motion.

Having received this evidence less and 24-hours ago, Bluegreen has not yet had the opportunity to fully assess and determine the substance of all the text messages that it has received. [Ex. 1, ¶ 20]. Nonetheless, Bluegreen has identified that there are text messages that contain communications that would be material to Bluegreen's opposition to the MSJ, as noted above. [Ex. 1, ¶¶ 15-19, 21]. Bluegreen requests that the Court grant Bluegreen the opportunity to analyze these materials and marshal them appropriate in opposition to the MSJ. It would be overwhelmingly prejudicial to subject Bluegreen to a potentially dispositive motion without a full and fair opportunity to explore a key issue such a direct text message communications between TFG and Molfetta Defendants as co-conspirators that were never produced.

## MEMORANDUM OF LAW

"[T]he non-movant seeking Rule 56(d) relief must show that 'postponement of a ruling on the (summary judgment) motion will enable him, by discovery or other means, to rebut the

---

[3] *See* Rule 4-3.4(f), Rules Regulating the Florida Bar ("A lawyer must not . . . (f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless the person is a relative or an employee or other agent of a client, and it is reasonable to believe that the person's interests will not be adversely affected by refraining from giving such information.").

movant's showing of the absence of a genuine issue of fact." *In re Chiquita Brands Int'l, Inc.*, No. 07-60821-CIV-MARRA, 2021 WL 4972740, at *4 (S.D. Fla. Mar. 15, 2021) (quoting *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1315 (11th Cir. 1990)). "As a general proposition, summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests." *Chiquita*, 2021 WL 4972740, at *4 (internal quotations omitted). "However, because the burden on a party resisting summary judgment is not a heavy one, the non-movant must conclusively justify entitlement to the shelter of Rule 56(d) by presenting specific facts explaining his or her inability to make a substantive response." *Id.* (internal quotations omitted). "Thus, a non-moving party will not be entitled to invoke the protections of Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery in the first instance." *Id.* Among other things, the Court considers "[f]airness, equity, and whether a party had a reasonable opportunity to discovery information . . . in deciding a Rule 56(d) motion." *Id.*

**A. <u>The Information that Bluegreen Has Obtained Bears on Specific Issues Raised in Molfetta Defendants' MSJ</u>.**

This is not a generalized request in the hope that Bluegreen will potentially find relevant information. As noted above in the factual background, Bluegreen has already determined that text messages that Bluegreen has received relate to the specific issues raised in Molfetta Defendants' MSJ, including issues of what Molfetta Defendants knew and when, and Molfetta Defendants' participation in TFG's scheme, which Molfetta Defendants refer to, at one point, as a "ponzi scheme." [Ex. 1, ¶ 18]; *see* [ECF No. 446, ¶¶ 58, 60, 61] (Molfetta Defendants' SMF arguing that there is no evidence that Molfetta Defendants were aware of TFG's improper behavior or ever participated in TFG's scheme). Therefore, additional time to complete summary judgment briefing

is appropriate to permit Bluegreen to marshal these additional facts in defense of the Molfetta Defendants' MSJ.

### B. <u>The Failure to Obtain the Information Earlier Was Not the Result of a Lack of Diligence</u>.

Bluegreen did not lack diligence in not obtaining the information at an earlier date. Bluegreen obtained the information from a non-party who was previously unwilling to provide such information. [Ex. 1, ¶¶ 11-12]. As Bluegreen notes above, from Molfetta Defendants' counsel requested that this non-party stop providing Bluegreen information relevant to the case, which obstructed Bluegreen's access to the information that it just received. [Ex. 1, ¶ 11]. Moreover, Bluegreen was not diligent in attempting to obtain this information elsewhere, as Molfetta Defendants have been continuously obstructionists throughout this case's discovery. Indeed, this Court has even entered an onerous sanction order against Molfetta Defendants for their refusal to appropriately participate in discovery. *See* [ECF No. 163]. And, this Court has an upcoming hearing on Bluegreen's sanctions motion which asks for the ultimate relief, a default, because of the severity of Molfetta Defendants' discovery misconduct and the prejudice resulting to Bluegreen, deriving primarily from yet *another* instance where Bluegreen discovered relevant evidence that was not produced by Molfetta Defendants during discovery. [ECF No. 467] (Bluegreen's Motion for Sanctions); [ECF No. 469] (Court Order setting hearing). Therefore, the late discovery of these materials was not the result of any lack of diligence by Bluegreen.

### C. <u>Fairness and Equity Dictate That Bluegreen Be Given the Opportunity to Incorporate the Newly Discovered Materials in Opposition to Molfetta Defendants' MSJ</u>.

Finally, the Court should consider "[f]airness, equity, and whether a party had a reasonable opportunity to discovery information . . . in deciding a Rule 56(d) motion." *In re Chiquita Brands Int'l, Inc.*, 2021 WL 4972740, at *4. Here, fairness and equity weigh heavily in favor of permitting

an additional fourteen (14) days for Bluegreen to evaluate and marshal this additional evidence. Effectively, Molfetta Defendants have sought summary judgment on issues related to Molfetta Defendants' own knowledge and participation after having failed to produce documents and information related to that exact topic. This is particularly true given Molfetta Defendants' counsel's own obstruction of Bluegreen's efforts to obtain the information. Because the newly obtained information bears directly on certain of the summary judgment issues, it would be the height of unfairness and reversible error for the Court to fail to permit Bluegreen an opportunity to present such evidence on a critical dispositive motion like Molfetta Defendants' MSJ.

WHEREFORE, Bluegreen requests that the Court permit an additional fourteen (14) days to respond to the Molfetta Defendants' MSJ.

**CERTIFICATE OF GOOD FAITH CONFERRAL**

The undersigned has conferred with Molfetta Defendants' counsel via Zoom on January 13, 203 on the relief requested herein, and they oppose the relief sought in this motion, but not the submission of the attached declaration for the Court's consideration.

Dated: January 13, 2022. Respectfully submitted,

*/s/ Christian M. Leger*
**ERIC C. CHRISTU, ESQ.**
Florida Bar No. 434647
echristu@shutts.com
**JONATHAN P. HART, ESQ.**
Florida Bar No. 55982
jhart@shutts.com
**SHUTTS & BOWEN, LLP**
525 Okeechobee Blvd., Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
and
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**

Florida Bar No. 556361
grubin@shutts.com
**MICHAEL QUINN, ESQ.**
Florida Bar No. 84587
mquinn@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 0100562
cleger@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the Court's CM/ECF filing system, which will serve a copy via electronic mail upon the following CM/ECF Participants, and on the aforementioned date I caused a true and correct copy of the foregoing to be served via U.S. Mail, postage prepaid, upon the following non-CM/ECF Participants:

| **CM/ECF PARTICIPANTS** | **NON-CM/ECF PARTICIPANT** |
|---|---|
| Jonathan Etra, Esq.<br>Email: jonathan.etra@nelsonmullins.com<br>Email: yusimy.bordes@nelsonmullins.com<br>Mark F. Raymond, Esq.<br>Email: mark.raymond@nelsonmullins.com<br>Email: stacy.smith@nelsonmullins.com<br>Christopher Cavallo, Esq.<br>Email: chris.cavallo@nelsonmullins.com<br>Email: Claudia.orozco@nelsonmullin.com<br>Email: alfonso.orozco@nelsonmullin.com<br>Becky Esquenazi, Esq.<br>Email: becky.esquenazi@nelsonmullins.com<br>Email: stacy.smith@nelsonmullins.com<br>Nelson Mullins<br>One Biscayne Tower, 21st Floor<br>2 S. Biscayne Blvd.<br>Miami, FL 33131 | Jordan Salkin<br>Freedom Consumer Services LLC<br>d/b/a Timeshare Freedom Group<br>Booking # 3213378<br>Theo Lacy Jail<br>501 The City Dr. S.<br>Orange, CA 92867 |

| | |
|---|---|
| Telephone: (305) 373-9400<br>Facsimile: (305) 995-6449<br><br>*Attorney for Michael Molfetta and Molfetta Law, LLC* | |

*/s/ Christian M. Leger*
**CHRISTIAN M. LEGER, ESQ.**

ORLDOCS 20247842 1