**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 20-cv-25318-BLOOM/Otazo-Reyes**

BLUEGREEN VACATIONS UNLIMITED, INC., *et al.*,

Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC, *et al.*,

Defendants.
___________________________________________/

**DECLARATION OF MICHAEL QUINN, ESQ.**

Pursuant to 28 U.S.C. § 1746, I, Michael Quinn, Esq., hereby declare:

1. I am submitting this declaration in support of Plaintiffs' Expedited Motion Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to Defer Time to Respond to Molfetta Defendants' Motion for Summary Judgment (the "Rule 56(d) Motion").

2. I have knowledge of the facts set forth in this Declaration based upon my personal knowledge and my work and review of the file in this case and am competent to testify as to those facts.

3. I am a partner in the law firm of Shutts & Bowen LLP, which represents the Plaintiffs in this case.

4. As detailed in the Rule 56(d) Motion, given the attendant circumstances, and despite diligence in prosecuting the case, Bluegreen is unable to respond to Michael Molfetta and Molfetta Law, LLC's (together, "Molfetta") motion for summary judgment [ECF No. 457] and

**EXHIBIT 1**

the supporting statement of material facts [ECF No. 462] (together, the "MSJ") as Bluegreen has not received full responses to its discovery requests and learned only yesterday, January 12, 2023, that there are large volumes of communications between Defendants that were never produced.

5. As detailed below, Plaintiffs learned of the scope of missing information less than 24 hours ago.

6. The Plaintiffs have been diligent in prosecuting this case since it was filed. However, Plaintiffs have been repeatedly thwarted from obtaining key discovery, both as a result of co-defendant defaults (i.e., Jordan Salkin), and discovery misconduct by Michael Molfetta, which resulted in a sanctions order against him.

7. Yesterday afternoon, on January 12, 2023, Bluegreen obtained from a third-party custodian of Jordan Salkin certain emails, documents and text messages (the "Materials") relating to Michael Molfetta that were responsive to Bluegreen's discovery requests. An initial examination of the Materials indicates that some of its content was never previously produced by Michael Molfetta, despite Michael Molfetta being a sender or recipient of the communications.

8. Bluegreen has been thwarted from obtaining these Materials any sooner, and therefore did not lack diligence in obtaining it when it did.

9. First, some of the Materials were responsive to requests made to Michael Molfetta that Michael Molfetta never produced but would have had a copy of based on the nature of the Materials (i.e., communications involving Mr. Molfetta).

10. Second, the Materials obtained have been in the control of Jordan Salkin, a defaulted co-Defendant, who up to this point had failed to participate in discovery at all and is currently located in a correctional facility in Orange County, California.

11. Third, I had previously attempted to obtain records from this third-party custodian for Jordan Salkin. However, I was informed by the third-party custodian for Jordan Salkin that Defendant Michael Molfetta's counsel, Mr. Jonathan Etra, had advised that this custodian should not produce to Bluegreen any of Jordan Salkin's records.

12. The third-party custodian for Jordan Salkin told me that Mr. Molfetta's counsel attempted to convince them not to provide any of Jordan Salkin's records.

13. I asked Mr. Etra whether this claim was true during a recorded meet and confer call on January 13, 2023. Troublingly, Mr. Etra failed to deny the claim, but suggested that he had done nothing inappropriate.

14. The Materials go back over two years and contain communications involving Freedom Consumer Services, LLC d/b/a Timeshare Freedom Group ("TFG") and Molfetta that both pre- and post-date the filing of this lawsuit.

15. These documents bear directly on the issues of what Molfetta knew and when.

16. One of the MSJ's principal arguments is that Bluegreen lacks evidentiary support to prove that Molfetta's acts in dealing with TFG were of a conspiratorial nature and, in so arguing, Molfetta raises issues of what it knew and when and the extent of Molfetta's participation in TFG's scheme.

17. More specifically, the MSJ directly challenges Bluegreen's evidentiary support for its claims related to Molfetta's knowledge of TFG's tortious and otherwise unlawful scheme. *See*, *e.g.*, [ECF No. 457 at 13–14] (arguing that Bluegreen lacks evidence regarding whether Molfetta Defendants had "the requisite state of mind," arguing that TFG did not "manifest the required specific intent to procure breach generally").

18. The text messages included in the Materials, which Bluegreen acquired yesterday,

bear on Molfetta's participation in TFG's scheme, including at least one text message where Molfetta tells TFG that Molfetta claims he "made timeshare freedom group legit not some Ponzi scheme it's legit," and that "Harold Miller sitting in his underpants in an apartment just sending form letters every few months doing absolutely nothing was ridiculous."

19. The Materials also include a large number of emails from the relevant timeframe.

20. Having received this evidence less than 24 hours ago, Bluegreen has not yet had the opportunity to fully assess and determine the substance of all the Materials that it has received.

21. Nonetheless, Bluegreen has identified that there are text messages that contain communications that would be material to Bluegreen's opposition to the MSJ.

22. Based on my experience, good cause exists to grant the requested 14-day extension of Bluegreen's response to the MSJ.

23. The requested extension is necessary and in the interest of justice so that the case may be fully adjudicated on the merits.

24. In sum, and as outlined in the Rule 56(d) Motion, Bluegreen is unable to respond to the MSJ despite all reasonable diligence and requests the 14-day response extension requested herein and as more fully explained in the Rule 56(d) Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 13, 2023.

*/s/ Michael Quinn*
**MICHAEL QUINN, ESQ.**

ORLDOCS 20247851 1