UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
*et al.*,

Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC, *et al.*,

Defendants.
_____/

**PLAINTIFFS' EXPEDITED MOTION TO STRIKE MOLFETTA'S OPPOSITION TO PLAINTIFFS' MSJ [ECF No. 487] FOR EXCEEDING PAGE LIMIT IN VIOLATION OF LOCAL RULE 7.1(c)(2) AND THIS COURT'S ORDER AT ECF NO. 472, OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO EXCEED PAGE LIMIT AND TIME FOR REPLY MEMORANDUM, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation (collectively "Plaintiffs" or "Bluegreen"), respectfully submit, pursuant to Local Rule 7.1(c)(2) and this Court's Order dated January 5, 2023 [ECF No. 472] (the "Order"), this Motion to Strike the Defendants', Molfetta Law, LLC and Michael A. Molfetta (together, "Molfetta"), *Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment* [ECF No. 487] (the "Opposition"). Molfetta's Opposition contains **sixty (60) footnotes** in single-spaced 12-point font which, as illustrated by **Exhibit A** attached herein, exceeds the limit for the length of response memorandums set by the Local Rules (and expanded by the Order) by **eleven (11) pages**. A majority of the sixty footnotes contain substantive arguments not otherwise made elsewhere in the Opposition in violation of this Court's rules on argument incorporations via footnotes. The Court should accordingly strike the Opposition in its entirety. Alternatively, the Court should strike footnotes 5-6, 8, 10-13, 15, 17-44, and 46-58 which seek to improperly incorporate substantive arguments, or, allow Bluegreen through January 27, 2023 to file a twenty (20) page reply memorandum in support of its partial Motion for Summary Judgment [ECF No.

461]. In support, Bluegreen states as follows:

## I. EXPEDITED STATUS

Pursuant to Local Rule 7.1(d)(2), Bluegreen respectfully requests an expedited ruling on this Motion by **5 p.m. on January 19, 2023**, given the deadline for its reply memorandum is January 20, 2023.

## II. INTRODUCTION

The Court has understood the complexity of the issues raised in this case and allowed Bluegreen and Molfetta (together, the "Parties") leave to exceed the page limitations set forth by the Local Rules in their dispositive motions briefing. *See* ECF No. 436; *see also* the Order [ECF No. 472]. But Molfetta has sought to exceed even the Court's generous extension of the briefing limits.

On December 12, 2022, the Parties filed separate unopposed motions for leave to exceed the page limitations set forth by Local Rule 7.1(c)(2) in their respective motions for summary judgment. *See* ECF Nos. 434-35. The Court granted such leave, allowing the Parties to exceed page limits by five pages. *See* ECF No. 436. Consequently, when the time for responses in opposition to such summary judgment motions came due, the Parties jointly requested leave, once more, to exceed the page limitation in their response briefs. *See* ECF No. 471. The Court expeditiously granted the Parties such leave, allowing the Parties to exceed such page limits by **five pages**. *See* the Order [ECF No. 472].

Now, through an extraordinary **sixty footnotes**, some of which take up three-fourths of a page leaving room for a mere three or four sentences in the body of the Opposition [*see e.g.,* Opp. at 2], Molfetta has violated Local Rule 7.1(c)(2) and the Order. Not only do these sixty footnotes **exceed the already enlarged page limitations by eleven pages** [*see* Exhibit A], but Molfetta has also improperly used such obtrusive footnotes to make substantive arguments in support of the Opposition.

As further elaborated below, there are just reasons to strike the Opposition in its entirety or, at minimum, grant the alternative relief Bluegreen seeks.

## III. MEMORANDUM OF LAW

Local Rule 7.1(c)(2) states that "[a]bsent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages[.]" S.D. L.R. 7.1(c)(2). If a party "circumvents" the page limits set forth in the

Local Rules, the court may "strike the filing without leave to refile." *Royal Caribbean Cruises, Ltd. v. Jackson*, 2013 WL 496060, at *1 n.2 (S.D. Fla. Feb. 7, 2013). Incorporating other documents or lengthy footnotes is "nothing more than an indirect way to avoid the page limitation set by the Court for summary judgment motions." *See Basulto v. Netflix, Inc.*, No. 22-21796-CIV, 2022 WL 17532279, at *2 (S.D. Fla. Dec. 8, 2022) (refusing to consider materials incorporated via footnote); *Howard v. Hartford Life & Acc. Ins. Co.*, No. 3:10–cv–192–J34TEM, 2013 WL 1010360, at *1 n. 2 (M.D. Fla. Mar.15, 2013) (finding a motion with multiple footnotes that took up more than half of the page and included multiple string citations exceeded the page limit).

Alternatively, a Court may disregard any additional pages submitted in violation of the Local Rules. *United States v. Solomons*, No. 06-80733-CIV, 2007 WL 2904144, at *1 (S.D. Fla. Oct. 3, 2007).

**IV.     Argument**

*First*, through the sixty footnotes, Molfetta has improperly exceeded the page limitations set forth by the Local Rules and expanded by the Order.  When a party's submission contains lengthy footnotes, some of which span more than half the page and most of which contain numerous string citations to case law and substantive arguments, the submission is considered to exceed the Court's page limit requirements.  *See Grant v. Rotolante*, No. 6:13-CV-168-ORL-TBS, 2013 WL 2155076, at *4 (M.D. Fla. May 17, 2013); *see also Howard v. Hartford Life & Acc. Ins. Co.*, No. 3:10–cv–192–J34TEM, 2013 WL 1010360, at *1 n. 2 (M.D. Fla. Mar. 15, 2013) (same); *Bollea v. Clem*, No. 8:13–cv–00001–T–27AEP, 2013 WL 1296076, at *1 n.1 (M.D. Fla. Mar. 28, 2013) (discussing the response's extensive substantive footnotes to be an "apparent effort to circumvent the page limits").  Here, Molfetta's lengthy footnotes which take up, at times, three-fourths of a page and leave little room for any text in the body of the Opposition, are a clear attempt to circumvent page limitations.

Moreover, "[w]hile the aforementioned order and rules do not per se prohibit the filing of … excessively long single-spaced footnotes … th[is] practice[] [is] clearly an attempt to evade the intent of the page limitations and should be avoided." *A.R. v. Dudek*, No. 12-60460-CIV, 2016 WL 3753706, at *1 (S.D. Fla. Apr. 8, 2016).  To illustrate the egregiousness of Molfetta's attempt to circumvent the Order and Local Rule, Bluegreen attaches Exhibit A—an exemplar of the additional pages the text of the footnotes would have added to the body of the Opposition had

3

such text been properly incorporated therein. Together, the footnotes amount to an additional **eleven pages** of text, much of which includes substantive arguments (as elaborated below). This Court has held that it "will not countenance any attempt to avoid the page limit requirement of the Local Rules." *Basulto*, 2022 WL 17532279, at *2 (internal citations omitted). Accordingly, the Court should not tolerate such disregard by Molfetta and strike the Opposition in its entirety.

*Second*, through Opposition pages two (2) through eight (8) and footnotes numbers five (5) through twenty-five (25) Molfetta also improperly tries to incorporate its entire 25-page motion for summary judgment. In the Opposition, Molfetta dedicates an entire section entitled "Bluegreen's Motion Must Be Denied For the Same Reasons Summary Judgment Must Be Granted In Favor of Molfetta, As Shown in the MMSJ." ECF No. 487 at 2-8, n.5-25. In such section, Molfetta dedicates pages and lengthy footnotes to cite back to arguments made in its motion for summary judgment. "[I]ncorporating other documents by reference is nothing more than an indirect way to avoid the page limitation set by the Court for summary judgment motions." *Basulto*, 2022 WL 17532279, at *2. Thus, the Court should find that "the materials purportedly incorporated are not before the Court and will not be considered in resolving the instant [response]." *Id.*

*Third* through footnotes 5-6, 8, 10-13, 15, 17-44, and 46-58, Molfetta incorporates substantive arguments not found in other areas in the Opposition. A "footnote is the wrong place for substantive arguments on the merits of a motion." *See Brady v. Medtronic, Inc.*, No. 13-62199-CIV, 2015 WL 11181971, at n.1 (S.D. Fla. Mar. 30, 2015) (Bloom, J.) (citation omitted). In fact, this Court has held that such arguments are not to even be considered. *Id.* Examples of the substantive arguments made via the footnotes include:

- Through footnote 15, Molfetta makes, for the first and only time, the argument that harm is mitigated through the repurchase of the loan.

- Through footnote 33, Molfetta makes, for the first and only time, the argument that legal services are not trade or commerce under FDUTPA.

- Through footnote 36, which takes up one-fourth of a page, Molfetta argues why its co-conspirator's advertising was not legal advertising.

- Through footnotes 39 and 43, only, Molfetta argues why its relationship with Forza and RAG should not be considered by the Court.

- Through footnote 41, which takes up one-fourth of a page, Molfetta argues why Molfetta did not operate/control the business of its co-conspirator.

- Through footnote 44, Molfetta makes, for the first and only time, the

argument that summary judgment should be denied because of pleading standards for pleading unauthorized practice of law.

- Through footnote 46, Molfetta provides several examples and arguments, of how Bluegreen failed to establish violations of the UPL as a matter of law and requests that the Court deny Bluegreen's motion on such basis. However, in the body of the Opposition which corresponds to footnote 46, Molfetta states they will provide only one example "given space limitations" but then use the footnote to do the exact opposite.

- Through footnote 49, which takes up at least one-fourth of a page, Molfetta tries to elaborate on an argument it dedicated only two sentences to in the body of the Opposition.

All of these arguments are substantive and made in direct response to some of Bluegreen's principal summary judgment claims. Molfetta makes similar substantive arguments through other footnotes in its Opposition. Thus, should the Court not strike the Opposition in its entirety, the Court should, at a minimum, strike footnotes 5-6, 8, 10-13, 15, 17-44, and 46-58, all of which make substantive arguments.

*Fourth,* Bluegreen will be prejudiced if the Opposition is not stricken. With knowledge that Bluegreen is limited to ten (10) pages in its reply, Molfetta has taken up at least thirty-five (35) pages to make substantive arguments in opposition of Bluegreen's motion for summary judgment. Allowing Molfetta to present its arguments, via a flagrant violation of the Local Rules and the Order, will prejudice Bluegreen as it will be disproportionately limited in its briefing and presentation of its factual and legal arguments to the Court.

*Finally*, the Court should ignore any argument by Molfetta that it should be granted any leniency because its Opposition is important. Indeed, this District has rejected the very same argument, holding that, "[w]hile this may be true, the importance of the issue or the novelty of Defendant's arguments do not permit Plaintiff to ignore this District's Local Rules … Plaintiff was free to seek permission to file a brief that exceeded the page limitation prior to filing or to file a brief that complied with the local rules. Plaintiff elected neither of those options and must bear the consequences of his decision." *Porter v. Collecto, Inc.*, No. 14-21270-CIV, 2014 WL 2612317, at *1 (S.D. Fla. June 11, 2014) (Moreno, J.). More egregious here is that Molfetta *did* get leave to exceed the page limitations and nevertheless chose to flagrantly disregard the Order and corresponding Local Rule ***for a second time***. *See* ECF No. 296 (the Court requiring Molfetta to refile their motion in compliance with Local Rule 7.1(c)(2)). This Court has noted that noncompliance with the Local Rules "certainly warrant[s] the Court striking . . . non-compliant

briefs in their entirety[,]" and can warrant "the imposition of sanctions without further notice." *Centre Hill Courts Condo. Assoc., Inc. v. Rockhill Ins. Co.*, 2020 WL 442467, at *1 n.1 (S.D. Fla. Jan. 28, 2020) (Bloom, J.). "Local Rules are 'designed to help the court identify and organize the issues in the case.'" *Porter v. Collecto, Inc.*, No. 14-21270-CIV, 2014 WL 2612317, at *1 (S.D. Fla. June 11, 2014) (citing *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009)). And, "District Court local rules have the force of law." *Id.* (citing *Hollingsworth v. Perry*, 558 U.S. 183, 130 S. Ct. 705, 710, 175 L.Ed.2d 657 (U.S. 2010); *Castro v. Dir., F.D.I.C.*, 449 Fed. Appx. 786, 788 (11th Cir. 2011)). Accordingly, the Opposition should be struck in its entirety.

*Alternatively*, Bluegreen requests that the Court allow Bluegreen through January 27, 2023 to file a twenty (20) page reply memorandum in support of its partial Motion for Summary Judgment [ECF No. 461]. Such relief is warranted for the reasons stated above.

WHEREFORE, for the reasons set forth above, Bluegreen respectfully requests that this Court: (1) issue the ruling on this Motion by 5:00 p.m. on Thursday, January 19, 2023; (2) grant this Motion; (2) strike Molfetta's *Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment* [ECF No. 487] in its entirety, or, strike footnotes 5-6, 8, 10-13, 15, 17-44, and 46-58; or, alternatively, (4) allow Bluegreen through January 27, 2023 to file a twenty (20) page reply memorandum in support of its partial Motion for Summary Judgment [ECF No. 461]; and (5) grant such other and further relief as the Court deems necessary and appropriate.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel hereby certifies that they conferred with counsel for Defendants Michael A. Molfetta and Molfetta Law, LLC by telephone, on January 18, 2023, in a good faith effort to resolve the issues raised in this Motion. Molfetta Defendants oppose the relief requested herein.

Dated: January 18, 2023.

Respectfully submitted,

*/s/ Christian M. Leger*
**ERIC C. CHRISTU, ESQ.**
Florida Bar No. 434647
echristu@shutts.com
**JONATHAN P. HART, ESQ.**
Florida Bar No. 55982
jhart@shutts.com

**SHUTTS & BOWEN, LLP**
CityPlace Tower
525 Okeechobee Blvd., Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

and

**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**MICHAEL QUINN, ESQ.**
Florida Bar No. 84587
mquinn@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
Florida Bar No. 0100562
cleger@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

*Counsel for Plaintiffs*

ORLDOCS 20254603 1