UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC., a Florida corporation, *et ano.*

     Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC, a Colorado limited liability company, *et al.,*

     Defendants.
_____/

### MOLFETTA DEFENDANTS' LIMITED, EXPEDITED RESPONSE TO BLUEGREEN'S EXPEDITED RULE 56(D) MOTION

Defendants Michael Molfetta and Molfetta Law, LLC (together, "Molfetta") respectfully submit its limited, expedited response to Bluegreen's Expedited Rule 56(D) motion ("Expedited Motion") [DE 533].

Because the Expedited Motion (filed at 7:00 pm this evening) exceeds what was conferred upon, contains unsupported allegations about Molfetta's discovery, and the extraordinarily limited time given by Bluegreen for a response (when Molfetta is working to comply with pretrial deadlines and fending off two baseless sanctions motions set for hearing in the morning), Molfetta respectfully submits this necessarily limited response to the Expedited Motion.

First, in Monday's conferral, Bluegreen indicated that it would seek the right to supplement its summary judgment opposition papers and identified only two emails involving Relevant Owner Chambers. Molfetta does not object to Bluegreen's additional emails in its Expedited Motion, but Molfetta does object to Bluegreen request for *30 days to investigate the production* as to which it never conferred. For this reason alone, the request should be denied. The requested extra 30 days is a backdoor way to prevent a ruling Molfetta's summary judgment given the current trial

1

schedule. It is also unsupported. Bluegreen is able to search for emails involving the limited set of Relevant Owners, having attached emails involving two Relevant Owners. Bluegreen has not demonstrated that it needs more time to conduct targeted searches for emails of concern to them or why its endless teams of lawyers need 30 days. While we have not been able to conduct a full review and analysis of the emails attached to the Expedited Motion having just received the submission, the rest of the emails they attach do not appear to relate to the limited set of Relevant Owners and it is not clear that they involve Bluegreen Owners.

Second, Bluegreen repeatedly accuses Molfetta of violating discovery orders in not producing these emails. This allegation is unsupported and irresponsible.

Finally, while we generally hold to our "no position" position, discussed in the Conclusion, we dispute Bluegreen's characterization of the emails or their significance. For example, the Chambers email attached as Exhibit A is clear as day that TFG did not tell Chambers not to pay (in the sales call or otherwise) as admitted to by Chamber in the email chain, even though that non-existent instruction is the basis for the claims. Chambers did not testify that what TFG said impacted his decision not to pay, and the email does not affect that testimony.

## **CONCLUSION**

In sum, Molfetta takes no position on Bluegreen's request to supplement its opposition papers based on emails recently obtained from Salkin, except that, if Bluegreen is permitted to file supplemental summary papers, Molfetta requests a reasonable opportunity to respond. However, Molfetta objects to the requested 30-day investigation period requested by Bluegreen because it was not conferred upon, is not supported, and would prevent a ruling on Molfetta's summary judgment motion given the trial schedule.

2

Dated: February 14, 2023.            Respectfully submitted,

By: /s/ Christopher Cavallo
Christopher Cavallo | Fla. Bar No. 092305
Jonathan Etra | Fla. Bar No. 0686905
NELSON MULLINS
One Biscayne Tower, 21st Floor
2 S. Biscayne Boulevard
Miami, FL 33131
Telephone: 305.373.9400
*Counsel for Michael A. Molfetta, Molfetta Law, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February 2023, a true and correct copy of the foregoing has been served via electronic mail to the parties on the attached Service List.

By: /s/ Christopher Cavallo
Christopher Cavallo