UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

    Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC,
*et al.*

    Defendants.
_____/

**ORDER ON PLAINTIFF'S EXPEDITED MOTION TO DEFER RULING ON MOLFETTA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO ALLOW SUPPLEMENTAL BRIEFING AND EVIDENCE**

**THIS CAUSE** is before the Court upon Plaintiffs' ("Bluegreen") Expedited Motion to Defer Ruling on Molfetta Defendants' Motion for Summary Judgment and to Allow Supplemental Briefing and Evidence, ECF Nos. [450] and [457]. ECF No. [533]. The Court has considered Plaintiffs' Expedited Motion, Defendants' Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiffs' Motion is denied.

**I.     BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case, but briefly summarizes the relevant procedural history. Bluegreen commenced this case by filing the Complaint, ECF No. [1], on December 30, 2020, asserting claims against eleven (11) Defendants. The Court entered its Scheduling Order, ECF No. [32], on February 10, 2021, established a discovery deadline of November 16, 2021, and jury trial to begin March 14, 2022. The parties

engaged in extensive motion practice and discovery, and defaults have been entered against all the Defendants except Mofetta Defendants and Harold Miller.[1]

On May 28, 2021, at Plaintiffs' request, and based upon Plaintiffs' assertion of significant discovery delays and case complexity, the Court amended the Scheduling Order, extending discovery until August 9, 2022, and reset the jury trial for December 5, 2022. *See* ECF No. [106]. Bluegreen filed an Amended Complaint on February 4, 2022, ECF No. [270], and this case has proceeded solely against the Molfetta Defendants. On June 7, 2022, upon Molfetta Defendants' request and assertion that necessary discovery could not be completed by the existing deadline, and Plaintiffs' agreement, the Court entered its Second Order Amending Scheduling Order. That Second Order extended the discovery deadline to November 23, 2022 and rescheduled the jury trial for March 13, 2023. *See* ECF No. [335]. On October 20, 2022, upon Plaintiffs' request based on further expressed discovery delays and difficulties, the Court entered its Third Order Amending Scheduling Order, granting in part Plaintiffs' request for additional extensions, and extending the discovery deadline to December 9, 2022. *See* ECF No. [411].

The parties thereafter filed their respective motions for summary judgment on December 21, 2022. The next day, the parties requested additional time to file responses to the motions, which the Court granted in part, extending the time for the parties to file responses to the motions to no later than January 13, 2023. On January 13, 2023, Plaintiffs filed their Expedited Motion to Defer Time to Respond to Molfetta Defendants' Motion for Summary Judgment. ECF No. [475] ("First Rule 56(d) Motion"). The First Rule 56(d) Motion requested an additional fourteen (14) days to respond to Molfetta Defendants' motion for summary judgment "based on Bluegreen's discovery

---

[1] On April 5, 2022, the Court entered a Stipulated Final Permanent Injunction as to Defendant Harold O. Miller, ECF No. [308], and dismissed the claims asserted against him with prejudice on April 20, 2022, ECF No. [325].

within the last twenty-four hours of voluminous, highly relevant information that was not properly produced by the Molfetta Defendants during the course of discovery." ECF No. [475] at 1. Specifically, a declaration attached to the First Rule 56(d) Motion represented that Plaintiffs obtained from third-party custodian Jordan Salkin "certain emails, documents and text messages." ECF No. [475-2] ¶ 7. The First Rule 56(d) Motion asserted that the emails obtained on January 12, 2023 were "large" in number and from the relevant timeframe. ECF No. [475] at 3. The First Rule 56(d) Motion requested additional time to assess and determine the substance of the text messages more fully. ECF No. [475] at 3. Plaintiffs asserted that the text messages bear on "the specific issues raised in Molfetta Defendants' MSJ, including issues of what Molfetta Defendants knew and when, and Molfetta Defendants' participation in TFG's scheme, which Molfetta Defendants refer to, at one point, as a 'ponzi scheme.'" *Id.* at 4. The Court granted in part and denied in part the First Rule 56(d) Motion, extending the time until January 17, 2023 for Plaintiffs to review the text messages and file their response to Molfetta Defendants' Motion for Summary Judgment. ECF No. [476]. Bluegreen thereafter timely filed their Response to Molfetta Defendants' Motion for Summary Judgment, ECF Nos. [490] and [491], Molfetta Defendants filed their Reply, ECF Nos. [516] and [517], and the Motions for Summary Judgment became ripe for the Court's consideration on January 25, 2023.

On February 14, 2023, Plaintiffs filed the instant Motion. ECF No. [533].[2] The Motion states that "[a]fter briefing closed on the Molfetta Defendants' Motion for Summary Judgment, Bluegreen discovered critical evidence withheld by the Molfetta Defendants that directly disputes numerous facts that the Molfetta Defendants contend are undisputed in their Statement of Material

---

[2] The Court notes that Plaintiffs did not request additional time to supplement their own motion for partial summary judgment, ECF No. [460] and [461].

Facts." *Id.* at 1. Plaintiffs argue that they should be permitted to submit "this new evidence" to the Court for its consideration, *id.* at 1-2, requesting thirty (30) days to permit Plaintiff to complete its review of materials "only recently received" and to file a 4-page supplemental Response Statement of Material Facts and an 8-page supplemental Opposition to the Molfetta Defendants' Motion for Summary Judgment, *id.* at 2.

The Motion explains that Plaintiffs continued to receive documents from Mr. Salkin after the deadline to file its Response and obtained "over 800,000" documents. *Id.* at 3. Plaintiffs represent that they have identified "numerous emails that go to core issues and arguments in the Molfetta Defendants' Motion for Summary Judgment." *Id.* Those issues include (1) whether Bluegreen Owner Donald Chambers, or any other Bluegreen Owner, was told to stop paying Bluegreen, (2) whether it was TFG's policy not to direct timeshare owners not to pay, (3) TFG's intent concerning Bluegreen Owner's continued payments to Bluegreen, (4) whether TFG sales personnel instructed Bluegreen Owners not to pay, whether Molfetta ever told any timeshare owner not to pay, (5) whether Molfetta was aware of non-payment instructions, (6) whether Molfetta took an affirmative step in furtherance of a conspiracy, and (7) whether Molfetta had direct involvement in TFG's marketing or advertising. ECF No. [533] at 5-6.

The Motion does not indicate which of these numerous emails were discovered in the January 12, 2023 production and which were subsequently identified. Nor does the Motion request that the Court amend its Order Scheduling Trial and Order of Instructions Before Calendar Call, ECF No. [473], which sets the matter for trial during the Court's two-week trial calendar beginning on March 13, 2023.

Molfetta Defendants respond that it does not object to Plaintiff supplementing its summary judgment opposition papers with two emails involving Bluegreen Owner Chambers. ECF No.

[534] at 1. Molfetta Defendants take no position on Plaintiffs' request to supplement its opposition papers, but object to Plaintiffs' request for a 30-day investigation period. *Id.* at 2.

## II. LEGAL STANDARD

"Rule 56(d) permits a court to 'defer' or 'deny' a motion for summary judgment, allow additional time for discovery, or issue an appropriate order '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Taylor v. Farm Credit of N. Fla. ACA*, No. 21-13807, 2022 WL 4493044, at *3 (11th Cir. Sept. 28, 2022) (quoting Fed. R. Civ. P. 56(d)). A district court need not grant a motion to defer a ruling on summary judgment where there has been an adequate opportunity for discovery. *See Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990) (holding district court did not abuse its discretion in denying motion for additional time for discovery where parties had agreed on a discovery schedule that the district court extended on several occasions).

## III. DISCUSSION

The Complaint in the above-styled action was filed on December 30, 2020, over two years ago. The initial deadline for the parties to complete discovery was November 16, 2021. Since then, the Court has amended its Scheduling Order three times, extending the discovery period to December 9, 2022 and providing the parties nearly 12 months of *additional* time in which to conduct discovery. *See* ECF Nos. [32], [106], [335], and [411]. The parties engaged in extensive discovery during this time. For example, Plaintiffs deposed Molfetta, ECF Nos. [459-1] and [459-2], TFG owner Jordan Salkin, ECF Nos. [459-4] and [459-5], the TFG Chief Operating Officer, ECF No. [459-7], and sixteen (16) Bluegreen Owners, ECF Nos. [446-18]-[446-36]. The parties did not seek to further amend the Court's Scheduling Order, yet on their own, engaged in further discovery past the Court's permitted deadline.

Plaintiff now seeks the Court to defer ruling on Molfetta Defendants' Summary Judgment Motion 21 days after Molfetta Defendants' Motion became ripe, and 18 days after it initially requested time to file a Response, and well after the Court entered its Scheduling Order. The Motion is premised on "new evidence" obtained after the deadline to complete discovery established by this Court.

Under Rule 56(c)(1) of the Federal Rules of Civil Procedure, "a[] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of the materials in the record, . . . or . . . showing the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). Rule 56(d) provides that the Court may defer its ruling on a motion for summary judgment, and allow more time to take discovery, if the nonmovant "shows by affidavit or declaration that, for specified reasons, *it* cannot present facts essential to justify its opposition." Fed R. Civ. P. 56(d) (emphasis added). In other words, Rule 56(d) allows a nonmovant additional time to take discovery in order to make its showing under Rule 56(c)(1). Here, Plaintiffs do not contend that they cannot support *their* assertion that certain facts are genuinely disputed. Plaintiffs have already filed a Response to Molfetta Defendants' Motion for Summary Judgment where they contend there exist genuine disputes of material fact in the action. Rather, Plaintiffs filed the instant Motion seeking the opportunity to present additional facts that *rebut Molfetta Defendants'* assertion that those facts are not genuinely disputed. This being the case, Rule 56(d) is inapplicable to Plaintiffs' request.

Moreover, even assuming Rule 56(d) applies to the instant Motion, "[a]t some point[,] a line must be drawn," and new discovery will not be considered. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, No. 06-60889-CIV, 2008 WL 11399574, at *1 n.1 (S.D. Fla. Mar. 6, 2008). The Motion expands the issues raised in the First Rule 56(d) Motion—which focused on what

Salkin's text message evidence revealed about Molfetta's knowledge of and participation in TFG's scheme—to TFG's intent, policy, and sales practices. But Plaintiffs have had the opportunity to plumb the depths of those issues, including by taking the many depositions described above. The Court thus declines to grant the Motion because the parties were afforded an adequate opportunity in which to take discovery.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [533]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 16, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record