UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 20-cv-25318-BLOOM/Otazo/Reyes

BLUEGREEN VACATIONS UNLIMITED, INC., a Florida corporation; and BLUEGREEN VACATIONS CORPORATION, a Florida corporation,

Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC, a Colorado limited liability company; VINDALOO TRAVEL NETWORK, LLC d/b/a TIMESHARE TERMINATION TEAM a/k/a TIMESHARE TERMINATION TEAM, LLC, a Colorado limited liability company; FREEDOM CONSUMER SERVICES, LLC, d/b/a Timeshare Freedom Group, d/b/a Timeshare Freedom, a Nevada limited liability company; SYSTEMA MARKETING, INC., a Nevada corporation; BRIAN STEPHEN WILBUR, an individual; HOLLY WILBUR, an individual; JORDAN SALKIN, an individual; SHAYNA G. SCHROEDER, an individual; HAROLD O. MILLER, an individual; MICHAEL A. MOLFETTA, an individual; and MOLFETTA LAW, LLC, a California limited liability company,

Defendants.
_____/

**BLUEGREEN'S MOTION TO RE-OPEN CASE, IN LIGHT OF THE BANKRUPTCY COURT ORDER LIFTING THE AUTOMATIC STAY HEREIN, FOR PURPOSES OF PERMITTING BLUEGREEN TO FILE ITS PROPOSED INJUNCTION ORDER IN THIS ACTION AGAINST THE TTT DEFENDANTS, THE ONLY REMAINING DEFENDANTS IN THIS LITIGATION, AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs, Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation (collectively, "Plaintiffs" or "Bluegreen"), by and through undersigned counsel and pursuant to

Federal Rule of Civil Procedure 60(b), for good cause and just reasons shown, and this Court's June 28, 2023 Order Administratively Closing Case [DE 575] ("Closure Order"), which such Closure Order administratively closed the case, "without prejudice as to [Bluegreen's] ability to re-open the action following the disposition of the bankruptcy action," and for purposes of addressing the conduct of Defendants Timeshare Termination Team, LLC ("TTT-1")[1], Brian Stephen Wilbur, and Holly Wilbur (together, the "Wilburs") (TTT and the Wilburs, collectively, the "TTT Defendants").  Bluegreen respectfully moves to re-open this case as Bluegreen has been granted relief from the automatic stay relative to the TTT Defendants by the Bankruptcy Court for purposes of permitting Bluegreen to file its proposed injunction order (**Exhibit A**) (the "Injunction Order") as to the TTT Defendants.[2]

In support thereof, Bluegreen states as follows:

## BACKGROUND

1. On December 30, 2020, Bluegreen filed its Complaint for Injunctive Relief and Damages ("Complaint") against the TTT Defendants, specifically alleging the TTT Defendants engaged in false advertising in violation of the Lanham Act (Count I), tortious interference with Bluegreen's contracts with timeshare owners (Count V), conspiracy to commit the same (Count VII), and violations of Florida's Deceptive and Unfair Trade Practices Act (Count IX). [DE 1].

2. At all material times, the Wilburs owned and controlled TTT.

3. On June 29, 2021, counsel for the TTT Defendants moved to withdraw, claiming

---

[1] Defendants Timeshare Termination Team, LLC and Vindaloo Travel Network, LLC ("TTT-2") were both named Defendants in the case.  However, around the time the matter was filed, Timeshare Termination Team was voluntarily dissolved and Vindaloo Travel Network changed its name to Timeshare Termination Team, LLC.

[2] Pursuant to Local Rule(a)(2), a proposed order granting the requested injunction is attached hereto as **Exhibit A** and will be submitted via email to the Court as prescribed by Section 3I(6) of the CM/ECF Administrative Procedures.

that on June 24, 2021, they were informed that TTT-2 "had become insolvent, ceased operation, and that all of its employees were terminated." [DE 125, ¶ 2]. The Court granted the Motion to Withdraw on June 29, 2021 [DE 126], requiring TTT-1 and TTT-2 to obtain counsel by a set date. TTT-1 and TTT-2 ultimately failed to obtain meet the Court's deadline. As a result, Bluegreen moved for the entry of a Clerk's default, which was granted. [DE 145-46]. The Wilburs then notified the Court that they would be representing themselves *pro se*. [DE 156-57].

4. Shortly thereafter, on August 25, 2021, Bluegreen learned that the Wilburs, who own and control TTT-1 and TTT-2, were actively dissipating assets from those entities and placing the assets in their own name in a deliberate effort to frustrate and avoid the equitable relief sought by Bluegreen. As a result, Bluegreen filed a Motion for Preliminary Injunction against the TTT Defendants, asking the Court to enjoin the Wilburs from dissipating certain assets and freezing such assets. [DE 164]. The Court set a hearing on Bluegreen's Motion for Preliminary Injunction for October 4, 2021. [DE 174].

5. However, on September 30, 2021, before the hearing could take place, TTT-1 filed for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, et. seq., under Case No. 21-15008-KHT, United States Bankruptcy Court, District of Colorado, (the "Chapter 7 Case"). Then, on October 1, 2021, the Wilburs filed their joint Chapter 11 petition under the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. in Case No. 21-15040-KHT, United States Bankruptcy Court, District of Colorado (the "Chapter 11 Case") (the Chapter 7 Case and Chapter 11 Case, together, the "Bankruptcy Proceedings").

6. On October 4, 2021, after being provided notice of the Bankruptcy Proceedings, Bluegreen filed, with this Court, "Plaintiffs Notice of Filing of Advisement of Bankruptcy." [DE 187].

7. On that same date, this Court, and in light of the Bankruptcy proceedings, stayed this action as to the TTT Defendants. [DE 188].

8. Thereafter, Bluegreen and the Wilburs, who own and control TTT, stipulated to an injunction order in which the Wilburs agreed, on behalf of themselves and their related entities and affiliates (including TTT), to be permanently enjoined from ever working in the timeshare exit industry or receiving any remuneration from any referrals within the timeshare exit industry. That agreement addressed and reflected the injunctive relief sought by Bluegreen in this action. The agreement also contemplated, however, that if the Chapter 11 Case was converted to a Chapter 7 liquidation bankruptcy proceeding, Bluegreen would be entitled to seek entry of an injunction order, in the form reflected in Exhibit **A**, in this action.

9. On March 15, 2023, the Bankruptcy Court entered an order converting the Chapter 11 Case to a Chapter 7 liquidation bankruptcy proceeding. As a result of the conversion, Bluegreen became entitled to seek entry of an injunction order, in the form reflected in Exhibit **A**, in this action.

10. Recently, on June 28, 2023, and after this case had been resolved as to all named defendants, except for the TTT Defendants, this Court entered the Closure Order administratively closing the case, "without prejudice as to [Bluegreen's] ability to re-open the action following the disposition of the bankruptcy action," and for purposes of addressing the conduct of the TTT Defendants.

11. On July 17, 2023, Bluegreen filed a Motion for Relief from Stay, with the United States Bankruptcy Court for the District of Colorado in the Chapter 11 Case, requesting that the Bankruptcy Court lift the automatic stay, for cause, for Bluegreen to file a specific stipulated injunction order, containing the exact language of the proposed Injunction Order at Exhibit **A**,

against the Wilburs pursuant to aforementioned stipulation between Bluegreen and the Wilburs. *See In re: Wilbur*, Case No. 21-15040-KHT (Bankr. D. Colo. 2023) (DE 318).

12. On August 16, 2023, the Bankruptcy Court in the Chapter 11 Case entered its "immediately enforceable" Order, granting Bluegreen's request for relief from the automatic stay of this District Court action for purposes of allowing Bluegreen the ability to file its injunction order as to the TTT Defendants in this Court.[3] *Id.* at (DE 335) ("BK Order Lifting Stay").

13. On September 25, 2023, Bluegreen provided notice to this Court of the BK Order Lifting Stay [DE 577].

14. Thus, per the particulars of the Closure Order, the BK Order Lifting Stay triggered Bluegreen's ability to re-open this case for the specific purpose of filing the injunction order as to the TTT Defendants.

## MEMORANDUM OF LAW

### I. Legal Standard

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" due to any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Courts have discretion in determining whether to re-open a case. *Aronitz v. Home Diagnostics, Inc.*, 2010 WL 2351468, at *5 (S.D. Fla. June 11, 2010), aff'd, 419 F. App'x 988 (Fed. Cir. 2011). Particularly, the decision of whether to re-open a case is granted to the sound discretion of the district court. *Skiles v. Careplus Health Plans, Inc.*, 2014 WL 5320135, at *1 (S.D. Fla. Oct. 16, 2014). *See also*, *Michaud v. US Steakhouse Bar and Grill, Inc., et al.*, 2007 WL 2155570, at *1 (M.D. Fla. July 25, 2007) (Court granted plaintiff's Motion to Re-Open Case

---

[3] A Notice of the filing of the BK Order Lifting Stay was filed with this Court at [DE 577].

after automatic stay was lifted relative to a bankruptcy case involving one of the defendants pending in the Southern District of Florida).

## II. Analysis

As shown herein, good cause and just reasons provide sufficient grounds for the Court to re-open this matter for the sole purpose of allowing Bluegreen to file its proposed Injunction Order (Exhibit **A**) as to the TTT Defendants, the only remaining Defendants in this case, with this Court for adjudication.

### A. The Bankruptcy Stay Has Been Lifted.

The Closure Order was predicated on the Bankruptcy Proceedings and the potential implications resulting from the bankruptcy automatic stay. Closure Order at 1-2. However, the bankruptcy stay has been lifted by Court Order, for cause under 11 U.S.C. § 362(d), to have a stipulated final permanent injunction order, containing the exact language of the proposed Injunction Order at Exhibit **A**, entered in this action. BK Order Lifting Stay at 1-2. Despite the lift of the automatic stay being entered in the Wilburs' Bankruptcy Proceeding only, it is appropriate to re-open the case to enter the Injunction Order as to all TTT Defendants because the Wilburs own and control TTT and, by virtue of the conversion of the Chapter 11 Case to a Chapter 7 liquidation case, no reorganization of property is possible. *See In re Dennen* 539 B.R. 182, 188 (Bankr. D. Colo. 2015). Moreover, the TTT bankruptcy filing requires TTT to be treated as dissolved *de facto*. *See Wier Long Leaf Lumber Co. v. Comm'r*, 173 F.2d 549, 551 (5th Cir. 1949). Further, the Parties have agreed to the language of the proposed Injunction Order, which enjoins all TTT Defendants. Finally, the BK Order Lifting Stay allows for an immediate lift of the automatic stay to have a stipulated final permanent injunction order, which enjoins the behavior of all TTT Defendants, entered in this action.

Therefore, no basis exists for the continuation of the stay in this matter as to any of the TTT Defendants. For this reason, the Court should vacate the Closure Order and re-open this case for the limited purpose of adjudicating the case as to the TTT Defendants, including through the filing of the Injunction Order for the Court's consideration.

**B. The Stay Prejudices Bluegreen.**

The administrative closure of this action prejudices Bluegreen. Bluegreen has, through diligent efforts, resolved its claims as to all defendants once named in this action, with the exception of the TTT Defendants. Bluegreen and this Court have undergone great expense in reaching such resolutions. The final step in the adjudication of all claims against all defendants rests on the Court reopening this case to allow Bluegreen to seek entry of the stipulated Injunction Order.

In light of the above, for good cause and just reasons, this Court should execute its sound discretion and re-open this case, which was administratively closed due strictly to the automatic stay that has since been lifted, and allow Bluegreen to file its proposed Injunction Order (Exhibit A) as to the TTT Defendants, the only remaining Defendants in this case, with this Court for adjudication.

WHEREFORE, Plaintiffs respectfully request that this Court (i) enter an Order granting their request to re-open this instant case for the limited purpose of adjudicating the case as to the TTT Defendants, including by permitting Plaintiffs to file the proposed injunction order with the Court and (ii) grant such other and further relief as this Court deems just and proper.

### Local Rule 7.1(a)(3) Certification

TTT Defendants' counsel made a motion to withdraw from their representation of the TTT Defendants in this action in June of 2021, which this Court granted. [DE 125, 126] The TTT

Defendants have been without counsel since that time and therefore there is no one with whom to confer. Moreover, the injunction sought was stipulated to by the TTT Defendants. Finally, and of paramount importance, this Motion is, at its core, related to the entry of a permanent injunction order, and is therefore exempted from the requirements of Local Rule 7.1(a)(3) .

Dated: October 5, 2023
Respectfully submitted,

*/s/ Glennys Ortega Rubin*
**ERIC C. CHRISTU, ESQ.**
Florida Bar No. 434647
echristu@shutts.com
**SHUTTS & BOWEN, LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

and

**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255
*Counsel for Bluegreen*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2023, the foregoing was served via electronic mail upon all counsel of record, and via U.S. Mail, postage prepaid, to the following non-CM/ECF Participants:

| NON-CM/ECF PARTICIPANTS ||
|---|---|
| Brian and Holly Wilbur<br>6511 N. Village Road<br>Parker, CO 80134<br><br>TTT Defendants<br>Attn: Brian and Holly Wilbur<br>6511 N. Village Road<br>Parker, CO 80134 | Jordan Salkin<br>Freedom Consumer Services LLC<br>d/b/a Timeshare Freedom Group<br>Booking # 3213378<br>Theo Lacy Jail<br>501 The City Dr. S.<br>Orange, CA 92867<br><br>Shayna G. Schroeder<br>Systema Marketing, Inc.<br>P.O. Box 2618, #426<br>San Miguel Drive<br>Newport Beach, CA 92660 |

*/s/ Glennys Ortega Rubin*
**GLENNYS ORTEGA RUBIN, ESQ.**

ORLDOCS 20893661 2