UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

    Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC,
*et al.*

    Defendants.
_____/

## ORDER ON MOTION TO RE-OPEN CASE

**THIS CAUSE** is before the Court upon Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation ("Plaintiffs") Motion to Re-Open Case, in Light of the Bankruptcy Court Order Lifting the Automatic Stay Herein, for Purposes of Permitting Bluegreen to File Its Proposed Injunction Order in This Action Against the TTT Defendants, the Only Remaining Defendants in This Litigation, ECF No. [578] ("Motion"). Plaintiffs request that the Court re-open this case for the purpose of adjudicating the case as to the TTT Defendants and permit Plaintiffs to file a proposed injunction order with the Court. On June 27, 2023, the Court closed the case without prejudice to Plaintiffs to reopen the action following the disposition of a bankruptcy proceeding in which the TTT Defendants are a party. ECF No. [575] at 2. In the Motion, Plaintiffs represent that the bankruptcy court entered an "immediately enforceable" order granting Bluegreen's request for relief from the automatic stay for the limited purpose of allowing Plaintiffs the ability to file an injunction order as to the TTT Defendants. ECF No. [578] at 5. The record, which includes a copy of an order dated August 16, 2023 from the Honorable Judge

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

Kimberly H. Tyson of the United States Bankruptcy Court for the District of Colorado, confirms that representation. ECF No. [577-1] ("August 16, 2023 Bankruptcy Court Order").

Federal Rule of Civil Procedure 60(b) provides bases for relief from a judgment or order. Fed. R. Civ. P. 60(b) provides in part, "[o]n motion and just terms, the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Rule 60(b)(6) is the "catch all" ground for relief under Rule 60(b). *See Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (quotation marks omitted).

Although Plaintiffs do not represent that the bankruptcy action has reached a final disposition, the August 16, 2023 Bankruptcy Court Order, which authorizes entry of a final permanent injunction, provides an adequate "other reason" that justifies Plaintiff's requested relief.

Accordingly, it is **ORDERED AND ADJUDGED** as follows.

1. The Motion, **ECF No. [578]**, is **GRANTED**.

2. Plaintiffs shall separately file a motion for a permanent injunction as to the TTT Defendants **by October 11, 2023**.

3. The Motion identifies the TTT Defendants as the only remaining Defendants in this litigation. However, the Court's review of the record indicates that there are other Defendants in this action who are not the TTT Defendants but against whom this action has not been dismissed. In addition, the relief from the automatic stay in the bankruptcy proceeding was limited to the filing of an injunction order. Accordingly, in their motion for a permanent injunction as to the TTT Defendants, Plaintiffs shall advise the Court concerning the final disposition of this action.

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 6, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record