UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

BLUEGREEN VACATIONS UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

    Plaintiffs,

v.

TIMESHARE TERMINATION TEAM, LLC,
*et al.*

    Defendants.
_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE
OF ALL CLAIMS AGAINST THE TTT DEFENDANTS**

**THIS CAUSE** is before the Court upon Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation's ("Plaintiffs" or "Bluegreen") Motion for Dismissal, Without Prejudice, of All Claims Against the TTT Defendants Only, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss the claims that have been asserted against Defendants Brian Stephen Wilbur and Holly Wilbur ("Wilburs"), and Timeshare Termination Team, LLC ("TTT-1")[1] (TTT-1, TTT-2, and the Wilburs, collectively, the "TTT Defendants") in this action only, without prejudice, ECF No. [587]. The Court has reviewed the Motion and is otherwise duly advised.

"The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986)). The Eleventh

---

[1] Defendants Timeshare Termination Team, LLC and Vindaloo Travel Network, LLC ("TTT-2") were both named Defendants in the case. However, around the time the matter was filed, Timeshare Termination Team was voluntarily dissolved, and Vindaloo Travel Network changed its name to Timeshare Termination Team, LLC.

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

Circuit has explained that voluntary dismissals should be granted unless a defendant will suffer "clear legal prejudice" besides the possibility of a subsequent lawsuit, meaning that the defendant would "lose [a] substantial right by the dismissal." *Id.* (first quoting *McCants*, 781 F.2d at 856-57, then quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). In considering a voluntary dismissal under the rule, the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (quoting *McCants*, 781 F.2d at 857).

Here, the Court has entered a permanent injunction against the TTT Defendants, ECF No. [582], and the TTT Defendants and Bluegreen have entered into a Settlement Agreement that has been approved by the Bankruptcy Court, *see* ECF Nos. [580-2], [580-3]. Under those circumstances, the Court finds the TTT Defendants will not suffer clear legal prejudice through dismissal. Moreover, the Court deems it appropriate to dismiss subject to the parties' Settlement Agreement, Ex.1, ECF No. [580-2].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [587]**, is **GRANTED**.
2. Any claims that have been asserted by Plaintiffs against the TTT Defendants, and only as to the TTT Defendants, are **DISMISSED WITHOUT PREJUDICE**.
3. The Court reserves jurisdiction to enforce the Final Permanent Injunction, ECF No. [582], and the imposition of any penalties contemplated therein upon any breach of the Final Permanent Injunction, including, but not limited to, the Stipulated Final Judgment, ECF No. [587-1] at 3.
4. Plaintiffs and the TTT Defendants shall each bear their own attorney's fees and costs.

Case No. 20-cv-25318-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Brian and Holly Wilbur
6511 N. Village Road
Parker, CO 80134

TTT Defendants
Attn: Brian and Holly Wilbur
6511 N. Village Road
Parker, CO 80134

Jordan Salkin
Freedom Consumer Services LLC
d/b/a Timeshare Freedom Group
Booking # 3213378
Theo Lacy Jail
501 The City Dr. S.
Orange, CA 92867